## MANSFIELD, *Appellant*, v. POLLOCK.

1. **Defective Deed, as Color of Title.** A deed described the land conveyed as " a part of northeast quarter of southeast quarter of section 26, township 51, range 9." *Held*, that though not good to pass the title because of the indefiniteness of the description, it was admissible as color of title, when offered in connection with other evidence tending to show that the grantor had previously conveyed part of the said northeast quarter of southeast quarter, and that the remainder was known in the neighborhood by the description given in the deed.

2. **Ejectment:** SECTION 3225, REVISED STATUTES 1879, CONSTRUED. One who enters into the possession of land, not as a mere intruder or

trespasser, but in good faith, and erects valuable improvements thereon, is in the lawful possession thereof within the meaning of section 3225, Revised Statutes 1879, and may invoke the provisions of that section to defeat recovery in an action of ejectment brought more than one year after February 27th, 1874, by one holding a patent from the United States issued more than ten years prior to that date, but who for more than thirty years prior to that date had not been in the actual possession of the land either by himself or by others, and during all that period had paid no taxes thereon.

*Appeal from Audrain Circuit Court.*—Hon. G. Porter, Judge.

Affirmed.

*Ira Hall* with *W. B. McIntyre* for appellant.

*Macfarlane & Trimble* for respondents.

Norton, J.—This is an action of ejectment commenced by petition filed September 12th, 1877, in the circuit court of Audrain county, for the recovery of the possession of certain lots in the city of Mexico, all of which are parts of northeast quarter of southeast quarter section 26, township 51, range 9, in said county. The answer admits possession and avers that defendants were entitled to such possession, and, after denying all other allegations of the petition, sets up an open, notorious, continuous, adverse possession of the premises sued for, for ten years. It also sets up an estoppel, and also facts bringing defendants under the protection of section 3225, Revised Statutes, which is invoked by them. Upon the trial of the cause defendants obtained judgment, from which the plaintiff has appealed.

On the trial plaintiff, in support of his title, offered in evidence a patent issued by the United States, dated August, 1838, conveying to him the northeast quarter of southeast quarter section 26, township 51, range 9, which covered the lots in dispute. Defendants read in evidence a deed executed by the sheriff of Audrain county on the 8th day of July, 1840, conveying to Isham Willingham all

of plaintiff's interest in a part of northeast quarter of southeast quarter of section 26, township 51, range 9; also a quit-claim deed from said Willingham dated September, 1840, conveying the said land by the same description to Edward Beaty; also a quit-claim deed from said Beaty to John B. Morris, dated September 19th, 1840, conveying the land by same description as in said sheriff's deed. Both of these deeds were acknowledged before Robert C. Mansfield, who was a justice of the peace, and who is the plaintiff in this suit. Defendants also offered various mesne conveyances, being deeds of general warranty, which carried whatever title, if any, which passed by the said sheriff's deed down from said Morris to the defendants. Various objections were urged to the introduction of said sheriff's deed, which we deem it unnecessary to particularize, for the reason that they were substantially sustained when the court held that said deed could not be received for the purpose of showing that it passed the title of plaintiff, but that while it was ineffectual to pass the title, it was, nevertheless, admissible for the purpose of showing color of title.

Although the description of the land conveyed by said deed was quite indefinite, we think its admission in evidence to establish colorable title, was authorized by the cases of *Hamilton v. Boggess*, 69 Mo. 233, and *Long v. Higginbotham*, 56 Mo. 246. In the case last cited the description in all the deeds relied upon by plaintiff to show color of title was quite as indefinite as in the deeds in this case; the description being the south fourth of the northwest fractional quarter section 10. It was held that said deed, while it would not pass title because of defective description, was, nevertheless, receivable in evidence to show colorable title, in connection with a survey pointing out the boundaries of the tract. So, in the present case, while the description in the deeds might be held too indefinite to pass title, yet they were properly admitted to show color of title in connection with the other

1. DEFECTIVE DEED, AS COLOR OF TITLE.

evidence offered, that plaintiff had previously conveyed ten acres off of said forty acre tract, leaving thirty acres remaining, and that this thirty acres was well known in the neighborhood by the description given in the deeds.

We deem it unnecessary to notice the evidence introduced, either for the purpose of showing such adverse pos-

2. EJECTMENT: section 3225, Revised Statutes 1879, construed.

session of defendants as would bar plaintiff's right of action, or the evidence offered to show that plaintiff by his acts was estopped from asserting title as against defendants, or the instructions given and refused by the court relating to either of said defenses, inasmuch as section 3225 of the Revised Statutes, under the proved facts in the case, cut off plaintiff's right to recover. That section is as follows: "Any person claiming any real estate in the lawful possession of another, and which has not been in possession of such claimant, or any one under whom he claims, for thirty consecutive years, and on which neither he nor those under whom he claims has paid any taxes during all that period of time, and the equitable title to which has emanated from the government more than ten years, shall within one year from the approval of this act bring his action to recover the same, and in default thereof he shall be forever barred, and his right and title shall *ipso facto* vest in such possessor." The uncontradicted evidence shows that defendants went into the possession of the premises sued for in 1869, not as mere intruders or trespassers, but in good faith, claiming title under the deeds read in evidence, and erected improvements thereon costing about $30,000, and worth at the time of the trial about $20,000. Having thus entered into the possession of the premises, they were, we think, in the lawful possession within the meaning of the statute. The undisputed evidence shows that plaintiff, who had acquired title to the land sued for by entry and patent from the government in 1838, had never been in the actual possession of it, either by himself or others, and that for more than thirty years he had not paid any taxes on

said land.   His evidence upon that subject is as follows: " I never, at any time, occupied the lands sued for.   I never, at any time, paid any taxes on any part of the lands sued for.   I knew that William Pollock, the defendant, built a mill on the land in 1869, and has had possession ever since."   There was no conflict in the evidence on any of these facts, and the court would have been warranted in assuming them to be true, and directing the jury that under the evidence their verdict must be for defendants. This, however, the court did not do, but referred the question of fact to the jury, directing them to find for defendants if they believed they had been established by the evidence.   Judgment affirmed, in which all concur, except HOUGH, J., who dissents.

HOUGH, J.—I dissent from the opinion of the court in this case, for the reason that I do not think that section 3225 of the Revised Statutes has any application to a case of this kind.