PHARIS v. BAYLESS, *Appellant.*

Division Two, May 24, 1894.

1. **Land:** TAX DEED: POSSESSION: ESTABLISHING TITLE: STATUTE. The possession of one claiming title under a tax deed for an entire tract who had actually inclosed and improved a part of it and had cut wood and rails from the remainder and defended it from trespassers, will be sufficient to support an action under Revised Statutes, 1889, section 2095, providing that where the title of one out of possession has been barred by limitation under section 6770 (R. S. 1889) anyone in whom the title has vested by possession may bring an action to have his record title perfected.

2. ———: VOID DEED: COLOR OF TITLE. A tax deed or other writing purporting to convey an entire tract although void on its face is sufficient to give color of title to the whole tract.

3. ———: ———: LAWFUL POSSESSION: STATUTE. The possession of one claiming title under a tax deed which is void on its face is lawful within the meaning of Revised Statutes, 1889, section 6770, providing for the vesting of title by reason of "lawful possession."

*Appeal from Barry Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

AFFIRMED.

*Norman Gibbs* and *Thomas M. Allen* for appellant.

(1) The pretended tax deeds, executed by Sample Orr and by Jared E. Smith, register of lands, and by John H. Moore, collector, read in evidence by plaintiff, and under which he claims the lands in controversy, were void on their face, as has ever been held by this court when like deeds have been before this court.

*Yankee v. Thompson*, 51 Mo. 234; *Smith v. Funk*, 57 Mo. 239; *Hubbard v. Gilpin*, 57 Mo. 441; *Spurlock v. Allen*, 49 Mo. 178; *Eimstein v. Gay*, 45 Mo. 62; *Moore v. Harris*, 91 Mo. 616. (2) This action was begun under section 2095, Revised Statutes, 1889. That section is the only law that pretends to authorize this action. That section provides for the entering of a decree virtually divesting the legal title to real estate, from the record owner, under certain circumstances, and this section must be strictly construed. And plaintiff must prove by direct and positive testimony, beyond a reasonable doubt, every fact necessary to entitle him to the decree asked. *Bradley v. West*, 60 Mo. 37. (3) The origin of plaintiff's claim of title to the Horner forty (*i. e.*, the southeast quarter of the southeast quarter of 28–23–27) is separate and distinct from the origin of his claim of title to any of the other lands in controversy; and as no part of that forty had been, on the day of trial, held adversely to defendant or his grantor for more than six or seven years, the finding and judgment of the court should have been for the defendant as to that forty acre tract. Tiedeman on Real Property [1 Ed.], sec. 694; *Musick v. Barney*, 49 Mo. 458; *Pike v. Robertson*, 79 Mo. 615. (4) The testimony shows beyond question that the Ben Cooper clearing was not on the Horner forty. But if it had been on that forty, it was abandoned long prior to Horner's taking possession; and plaintiff does not claim through Cooper. And there never was any adverse possession of that forty for ten years. (5) No one can maintain an action under section 2095, Revised Statutes, 1889, for outlying lands that he is not in the actual possession of. (6) A deed void on its face never constitutes color of title nor constructive possession, until the grantee takes actual possession of a part of the lands described in the deed.

(7) Under the sixth declaration of law asked by defendant and given by the court, there could have been no adverse holding of the west half of the southeast quarter of 28-23-27, except for a few years before bringing the suit; and then only for the small portion thereof which the Walls field was extended over; and judgment should, at least, have been for defendant for all of said tract, except the portion inclosed by said extension. Tiedeman on Real Property [1 Ed.], sec. 699; *University v. McCune*, 28 Mo. 481; *Schad v. Sharp*, 95 Mo. 573.

*T. D. Steele* and *W. Cloud* for respondent.

(1) As to appellant's first point: It is difficult to ascertain what relevancy the authorities cited bear upon the issues involved in this case, as under section 6770, Revised Statutes, 1889, defendant or those under whom he claims had only one year after said section was amended in 1889 to bring his action. And this court has repeatedly construed this section and the conditions required to invoke its aid. *Fairbanks v. Long*, 91 Mo. 630; *Rollins v. McIntire*, 87 Mo. 496. (2) Plaintiff was in actual possession of the land, and under section 6768, Revised Statutes, 1889, possession of part under color of title shall be deemed possession of the whole. *Harbison v. School District*, 89 Mo. 184; *McElhenney v. Kraus*, 10 Mo. App. 218. (3) The deeds of plaintiff were instruments, each having a grantor and a grantee, and containing a description of the lands intended to be conveyed, and apt words for their conveyance, and gave color of title to lands described. *Crispen v. Hannavan*, 50 Mo. 546; *Long v. Higginbotham*, 56 Mo. 245. (4) It makes no difference for the purposes of this suit if the deeds were void on their face, as the evidence shows that plaintiff was in

the actual possession and exercised the usual acts of ownership over the land, and a portion of each tract under fence and in cultivation. *Hickman v. Link*, 97 Mo. 482; *Hamilton v. Boggess*, 63 Mo. 233; *Campbell v. Laclede, etc., Co.*, 84 Mo. 377. (5) The judgment of the court was warranted by the testimony which tended to prove all the findings of the trial court, and the court having passed on all the questions of fact, and the testimony clearly warranting such findings, this court will not disturb the findings of the trial court. *Hamilton v. Boggess*, 63 Mo. 233; *Waddell v. Williams*, 50 Mo. 216; R. S. 1889, sec. 5102, title, Lawful Possession; *Krevet v. Myer*, 24 Mo. 110; *Beeler v. Cardwell*, 29 Mo. 74; *McCartney v. Alderson*, 45 Mo. 38.

GANTT, P. J.—D. P. Pharis, the plaintiff, brought his action in the circuit court of Barry county against John M. Bayless, under the new section, 2095, Revised Statutes, 1889, to perfect his record title to certain lands in said county, to wit, the west half of the southeast quarter, and the southeast quarter of the southeast quarter of section 28, and west half of the southwest quarter of section 27, all in township 23 of range 27, west of the fifth principal meridian.

It is alleged in the petition, and the uncontradicted evidence shows, that Charles Ingles purchased and received his patents from the United States government, to all of said lands on the twenty-eighth of August, 1857; that said Ingles, about one week after entering said lands, went upon them in company with one Wells and prospected for lead, by digging a hole; that said Ingles never, after 1857, occupied said lands or any portion of them nor performed any visible act of ownership over them prior to the bringing of this suit.

On June 13, 1891, said Ingles and wife, by a

quitclaim deed, conveyed all of said lands to defendant Bayless for a consideration of $30, which said deed was recorded June 15, 1891, in book 46, page 305, in recorder's office of Barry county. It was also shown that said Ingles never paid any taxes on said lands at any time.

The plaintiff offered and read in evidence a tax deed to the southeast quarter of the southeast quarter of section 28, township 23, range 27, from Sample Orr, register of lands of Missouri, to William S. McConnell, of date 1864, and recorded in Barry county June 12, 1867; a deed from said McConnell and wife to L. C. Horner to said forty acres of date May 23, 1885, duly acknowledged on same day, and recorded February 2, 1886; a deed from said Horner and wife to plaintiff to said forty acres, February 3, 1886, duly acknowledged and recorded February 4, 1886. These conveyances constituted plaintiff's paper title or color of title to said forty acres.

Plaintiff then read in evidence a tax deed from the collector of Barry county to plaintiff, conveying to him the west half of the southeast quarter of section 28, township 23, range 27, on a sale of same for delinquent state and county taxes for the year 1866, acknowledged and recorded November 26, 1869. Plaintiff then read in evidence a deed from Jared E. Smith, register of lands of Missouri, to plaintiff for west half of the southwest quarter of section 27, township 23, range 27, acknowledged January 11, 1868, and recorded in Barry county March 10, 1869.

Plaintiff then offered evidence tending to prove an actual possession of these lands for a period of twelve or fifteen years, the evidence showing that he inclosed and cultivated, by his tenants, portions of the west half of the southeast quarter of section 28, and the west half of the southwest quarter of section 27, claim-

ing title to the whole one hundred and sixty acres, continuously and openly for twelve or fifteen years; that he paid the taxes thereon; that it was known generally that he claimed it and no one made any adverse claim until Bayless placed his quitclaim of record. ·

There was more controversy over the southeast quarter of southeast quarter of section 28, known as the Horner forty. Plaintiff's evidence tended to prove possession by McConnell and then by Horner as grantee of McConnell and plaintiff under deed from Horner. Defendant disputed this and his evidence tended to prove possession by plaintiff of about seven years only. Counsel being themselves so well acquainted with the *locus in quo* have failed to preserve the evidence in such a way as to show the error, if any, in the finding of the court on this question of fact.

Defendant assigns various grounds for reversal and we will endeavor to consider them.

I. The action is a statutory proceeding, authorized by the Revised Statutes of 1889, section 2095, for the first time. There is an error in the recital of the limitation chapter. It should read "chapter 103" instead of "101."

This section provides that in all cases when the title or claim of any person, out of possession of any real estate, shall be barred by limitation, under the provisions of the section entitled, "Limitation in case of certain equitable titles" of chapter 103 of the Revised Statutes of 1889, the same section being section 6770, and the title to said real estate has vested in the party in possession or those under whom he claims, the said party in whom said title has vested by possession, may bring his action in the circuit court of the county where the lands are situated to have his record title thereto perfected, and he is required to make only such persons de-

fendants, as may appear to have, of record, a claim or title adverse to the title of plaintiff; and upon a trial, proof of such facts, showing title to plaintiff by limitation, by reason of the provisions of said section, shall entitle him to a decree declaring his title by limitation under the provisions of said section, and providing that a copy of such decree may be recorded in the office of the recorder of deeds.    Section 6770, to which this section 2095 of the code of civil procedure evidently refers, is as follows:

"Whenever any real estate, the equitable title of which shall have emanated from the government more than ten years, shall thereafter, on any date, be in the lawful possession of any person, and which shall or might be claimed by another, and which shall not at such date have been in possession of the said person claiming or who might claim the same, or of anyone under whom he claims or might claim, for thirty consecutive years, and on which neither the said person claiming or who might claim the same nor those under whom he claims or might claim has paid any taxes for all that period of time, the said person claiming or who might claim such real estate shall, within one year from said date, bring his action to recover the same, and in default thereof he shall be forever barred, and his right and title shall, *ipso facto*, vest in such possessor; *Provided, however*, that in all cases such action may be brought at any time within one year from the date at which this article takes effect and goes into force."

This section is an amendment of section 3225 of the revision of 1879, which was first enacted February 27, 1874, and the period of thirty years referred to therein, was that next preceding the approval of the act of February 27, 1874.

The conditions which bar the claimant under section 6770, are, *first*, that the equitable title must have

emanated from the government more than ten years; *second*, a tenant in the lawful possession of the land; *third*, a claimant who has not had the possession, either by himself or those under whom he claims, for thirty consecutive years, and neither the claimant, nor those under whom he claims, have paid any taxes on said lands for all of said thirty years; and he must not have brought his action against the occupying claimant or person in lawful possession, within one year after the Revised Statutes of 1889 went into effect, November 1, 1889.

II.　Counsel for defendant insist that the possession, which will enable plaintiff to maintain his action under this section, is an actual *pedis possessio;* that he can only recover, if at all, that land of which he had an actual possession; but we think there is no foundation for such a construction.

It has long been the established rule in this state that where one enters into the possession of a portion of a tract of land under a deed, or other muniment of title, to the whole tract, he is deemed to have seisin of the tract coextensive with the boundaries described in the deed or other muniment, where there is no open, adverse possession of any part of the land so described in any other person. *McDonald v. Schneider*, 27 Mo. 405; *Fugate v. Pierce*, 49 Mo. 441; *Callahan v. Davis*, 103 Mo. 444.

The circuit court found that plaintiff was in possession of all the lands sued for, and the evidence showed that the actual inclosures and improvements covered about fifty acres; and he exercised such ownership over the remainder as is customary with owners of timber lands, getting rails and wood off of it, and protecting it from trespassers, claiming title to all of it under his deed.

III.   But defendant, in this same connection, contends that plaintiff's various tax deeds were void on their face and that such deeds can not avail him as a color of title.   In *Hickman v. Link*, 97 Mo. 488, this court, in discussing what constitutes such color of title as will place one in possession of a part of a tract, constructively in possession of the whole, said:   "Any writing which purports to convey the title to land by appropriate words of transfer, and describes the land, is color of title, though the writing is invalid, *actually void*, and conveys no title."   *Allen v. Mansfield*, 108 Mo. 343.

We hold that these tax deeds, describing the lands accurately, as they did, and using apt words of conveyance, constituted such color of title that drew to the plaintiff, by his possession of a portion of said lands, by virtue thereof, all the lands described in them, and constituted such possession as would enable plaintiff to maintain an action for the whole, under section 2095. *Pharis v. Jones, post*, p. 125.

IV.   Nor was plaintiff a mere trespasser.   His possession of these lands, taken by virtue of his tax deeds and purchases was a *lawful* possession within the meaning of this section 6770.   This was the construction given section 3225 prior to the amendment, which in no manner changed this phrase.   *Mansfield v. Pollock*, 74 Mo. 185.

V.   It is very evident that section 6770 was designed to give one who had a title to land, but who had not exercised any acts of ownership over it, or upon it, for thirty years, and had paid no taxes thereon during all that time, one more year in which to bring his suit against any person in the peaceable possession thereof, and, failing so to do, he was forever barred.   The constructive possession which follows the true title, alone, without some act of ownership or payment of taxes

during the period of thirty consecutive years, will not prevent the statute running against him.

The statute proceeds upon the principle that all property should bear its just proportion of taxation for the support of the state government, and when the true owner neglects or refuses to pay any taxes thereon, or take sufficient interest in it to exercise any open act of ownership over it, for thirty years, and permits others to pay the taxes thereon, after purchasing the same at a sale made by the constituted authorities, it is presumed the original owner is indifferent, and his bare record title should not longer prevent the improvement of the property in which the state is interested.

In this case the plaintiff, having bought these lands nearly thirty years ago, and paid the taxes thereon all the time, and having improved them, and held the peaceable possession thereof for some twelve or fifteen years, stands in no unfavorable light before the court. After a careful review of the whole record, we find no material error in it, and the judgment appearing to be for the right party it is affirmed. All of this division concur.