MARCELLUS SUTTON and wife v. IRWIN JENKINS.

(Filed 4 March, 1908).

1. **Deeds and Conveyances—Reciprocal Conveyances—No Consideration—Title—Different Source—Estoppel.**

    Reciprocal conveyances of the same land between plaintiff and defendant, made at the instance and for the benefit of the former, without consideration, no money passing, vest, but do not rest the title, and do not operate as an estoppel upon the defendant in claiming the lands under a different source of title.

2. **Deeds and Conveyances—Mortgage Sale—Tenants in Common—Unity of Possession—Relationship Destroyed.**

    When the land upon which the plaintiff and defendant are tenants in common is sold, under the lien of a subsisting mortgage, to a third person, who acquires the title and possession, and conveys the remainder to one of them, the unity of possession, and thereby the relation of tenants in common, is destroyed.

3. **Tenants in Common—Relationship Destroyed—Title—Different Source.**

    There is nothing in the policy of our law which prohibits the defendant, who held under a former deed from his father, with his sister, the lands in controversy as tenant in common, from

taking under the deed from his father the same land, acquired by his father at a sale of the land under a prior subsisting mortgage.

4. Evidence—Judgment Roll not Introduced—Presumption of Validity—Cannot be Attacked.

When the judgment roll under which defendant's grantor obtained title is referred to only by the title, and the judgment roll is not set out in the evidence, the proceedings will be presumed as valid, and may not successfully be attacked as void for the want of proper parties.

5. Deeds and Conveyances—Purchaser at Foreclosure Sale—Deed—Color—Limitation of Actions—Adverse Possession.

When the purchaser of lands at a foreclosure sale enters into possession under a deed of definite description, such is color of title in him and those claiming under him, and becomes indefeasible at the expiration of seven years' adverse possession.

6. Deeds and Conveyances—Title Made to Husband—Trusts and Trustees—Limitation of Actions.

When it appears that the *feme* plaintiff, with her husband, conveyed her land and took a mortgage to secure the purchase money, and the mortgage was foreclosed and the title to the land was procured by the husband to be made to himself, he thus acquires as her trustee, and the statute of limitations will begin to run against her from the date of his deed.

7. Deeds and Conveyances—Tenants in Common—Unity of Possession Destroyed—Deeds—Evidence of Title.

The *feme* plaintiff claimed, as tenant in common with defendant, her part of the land in controversy, under a deed from a common grantor. Defendant denied cotenancy, and established the fact that the unity of possession had been destroyed by subsequent deeds: *Held*, that plaintiff can establish her title by showing seven years' adverse possession under the conveyance, as color, through which she claimed as tenant in common.

CIVIL ACTION to try title to land, tried at November Term, 1907, of the Superior Court of PITT County, before *Lyon, J.,* and a jury.

The issues submitted by the court, together with responses of the jury, are as follows:

"1. Are the plaintiffs the owners and entitled to the possession of the twenty acres of land described in the complaint?" Answer: "Yes."

"2. If so, what is the rental value of said land per year?" Answer: "Fifty dollars."

"3. Does the defendant unlawfully withhold the said land from the plaintiff?" Answer: "Yes."

"4. Are the plaintiff Laura Sutton and the defendant tenants in common in the forty acres of land described in the complaint?" Answer: ....

"5. If so, what is the rental value?" Answer: ....

"6. Is the plaintiffs' cause of action barred by the statute of limitations?" Answer: "No."

From the judgment of the court upon the issues the defendant appealed.

The facts sufficiently appear in the opinion of the Court.

*L. I. Moore* for plaintiffs.
*F. G. James* and *Jarvis & Blow* for defendant.

BROWN, J.   This action was tried in the Superior Court upon the theory that the plaintiffs were the owners *in severalty* of the twenty-acre tract in controversy, and the jury so found. There are many exceptions and assignments of error relating to the evidence and the charge of the court, which, for brevity's sake, we will not consider in detail. The record discloses that, on 14 January, 1881, F. H. Dawson executed a deed in fee for forty acres of land to the plaintiff Laura Sutton and to her brother, the defendant, Irwin Jenkins, then called "Junior." There is evidence tending to prove that they, with the assistance of their father, undertook to divide the tract into halves of twenty acres each by running a division line, and that they then entered into possession of their respective parts. As we understand the case, it is the part so assigned to Laura Sutton that is now in controversy. At the time of the above conveyance there was an outstanding and prior mortgage on the forty-acre tract, executed 23 December, 1879, by F. H. Dawson to J. T. Dawson. It is claimed by plaintiffs that the debt secured in this mortgage was assigned to the father, Irwin

Jenkins, Sr., and that they furnished some portion of the money. However that may be, the mortgage was duly foreclosed by legal proceedings, entitled "Irwin Jenkins v. F. H. Dawson," and the land was purchased by Irwin Jenkins, Sr., and conveyed to him by the commissioner, F. G. James, by deed, dated 2 October, 1882. On 26 January, 1886, Irwin Jenkins, Sr., and wife conveyed the entire forty-acre tract to the defendant, reserving in the deed a life estate to the grantor and his wife. The life estate terminated four years prior to this suit by the death of the survivor of the life tenants, Irwin Jenkins, Sr. There is evidence tending to prove that Irwin Jenkins, Sr., entered into actual occupation of the land, and remained in exclusive possession of it from 1882 up to his death. There is no evidence or finding that Irwin Jenkins, Sr., purchased the land, or any part of it, in trust for the plaintiffs or either of them.

For the purpose of estopping defendant, the plaintiffs introduced a deed executed 6 December, 1884, by defendant to Marcellus Sutton, conveying the twenty acres in controversy, together with other lands. It appears that the plaintiffs, Sutton and wife, conveyed the land by deed to one Wilson, who executed a mortgage to Marcellus Sutton for the purchase money, which was foreclosed and the land purchased by defendant, to whom Marcellus Sutton conveyed it under power of sale, and then defendant immediately reconveyed it to Marcellus Sutton by the aforesaid deed. It is contended that defendant is estopped by his deed from now setting up title under the deed from his father. Marcellus Sutton testifies in respect to the transaction as follows: "The description in deed from Jenkins to me is same as described in complaint. This is the only piece of land my wife ever owned—this twenty acres. We sold the twenty acres and took mortgage, and afterwards sold it out under the mortgage, and defendant bought at sale for me and made me this deed that has been introduced. There was no money passed. His father and

mother said he was twenty-three years old when he signed this deed. I did not take possession under this deed, as there was a life estate outstanding. Defendant had possession of this land when he made me the deed, and has been in possession ever since. I have never been in possession of it. Defendant took possession under his father and mother, who had life estate."

In testifying concerning this transaction, the defendant says: "When I signed the deed to Sutton I did not know the twenty acres was in the deed. I was doing it for accommodation to Sutton. He made me a deed, and at same time I made him a deed. He had both prepared. No money passed. I trusted it all to him." The execution of deeds from Marcellus Sutton to the defendant and from defendant to him are concurrent acts, and are to be considered as one act. The title may have *vested,* but did not *rest* in the defendant. The latter paid no money for the land and received no benefit from the transaction. The entire transaction was the act of Marcellus Sutton. The defendant was a mere conduit—a "man of straw," acting for Sutton, at his request. Had there been a judgment docketed at the time against the defendant, this land could not have been subjected to its payment under such conditions, nor could his wife dower upon it. *Whitehead v. Hellen,* 76 N. C., 99; *Bunting v. Jones,* 78 N. C., 243; *Moring v. Dickerson,* 85 N. C., 469. Upon the testimony of both plaintiff and defendant, the latter is not estopped by the deed of 6 December, 1884, from now claiming the land in controversy. Nor is the defendant estopped by reason of any common estate from claiming the reversion in the land given him by his father by the deed of 26 January, 1886. It is true that at one time the relation of tenants in common existed between the *feme* plaintiff and the defendant by reason of the conveyance to them by F. H. Dawson of 14 January, 1881, but this conveyance was made subject to a paramount outstanding title vested by mortgage in J. T. Dawson, which

title, under foreclosure, was acquired, as this record discloses, by Irwin Jenkins, Sr., on 2 October, 1882, who, on 26 January, 1886, gave the land by deed to the defendant, reserving his life estate, which expired four years before the commencement of this action.   When the true legal title to the entire tract of land was acquired by Irwin Jenkins, Sr., under judicial sale, and he entered upon it in right thereof in 1882, the unity of possession between Laura Sutton and the defendant was destroyed and their relationship as tenants in common was severed.   Unity of possession being the only unity essential to such cotenancy, anything that operates to destroy this unity will dissolve the cotenancy.   Am. and Eng. Enc., Vol. XVII, p. 711; *Baird v. Baird,* 21 N. C., 536, 538.   There is nothing in the policy of our law which prohibits the defendant from taking under the deed from his father, made four years after the dissolution of the cotenancy.   *Baird v. Baird, supra.* It is contended, however, that the foreclosure proceedings are void, and that Irwin Jenkins, Sr., acquired no title, inasmuch as the necessary parties were not made to give validity to the sale.   However that may be in fact, it does not so appear in the record.   The judgment roll of the foreclosure proceeding is not before us, and the action is referred to only by its title. Under the maxim, *Omnia presumuntur rite esse acta,* we must take the proceeding to be regular until it is shown to the contrary.   In addition to the fact that the names of all the parties to an action are not generally set out in the title, there is a general presumption that legal proceedings are regular and that all necessary parties have been made.   *Hare v. Holleman,* 94 N. C., 14.   But, assuming the irregularity or even the void character of the foreclosure proceedings, the deed from James, commissioner, to Jenkins, Sr., is color of title; and if the grantee entered under such color in 1882, and remained in actual possession of the entire tract up to his death, some six years ago, as the testimony of Marcellus Sutton, as well as that of the defendant, tends strongly to prove, he

acquired an indefeasible title as against all persons not under disability. *Mobley v. Griffin,* 104 N. C., 115.

This brings us to consider the charge of the court that in no view were plaintiffs barred by the statute of limitations because of the coverture of Laura Sutton. In this there was error. Whatever title the *feme* plaintiff had she parted with by the deed to Wilson. The mortgage for the purchase money was executed to the husband, Marcellus Sutton, and whatever title Wilson had at the foreclosure in December, 1884, Sutton procured to be bought in for himself. It may be that he acquired it as trustee for his wife, or that, upon the facts, a court of equity would, at her instance, convert him into a trustee for her benefit. In either event, the statute began to run against him from that date, whether he acquired Wilson's title for his own benefit or in trust for his wife, for it is well settled that, if the trustee is barred, the *cestui que trust* is barred also. *Ervin v. Brooks,* 111 N. C., 358; *King v. Rhew,* 108 N. C., 696.

The original deed from F. H. Dawson, under which the *feme* plaintiff claimed title, is undoubtedly good color; and if it can be shown that she, or those claiming under her, have had the actual and exclusive possession of the twenty acres in controversy, under known boundaries, for seven years since the date of the foreclosure of the mortgage to J. T. Dawson and the deed of Commissioner James, her colorable title would have ripened into an indefeasible title as against Irwin Jenkins, Sr., and the defendant, who claims under him, and who does not claim to be a tenant in common. *Mobley v. Griffin, supra.*

Upon the evidence presented in the record upon this appeal, we are of opinion that his Honor erred in refusing the defendant's first, second and third prayers for instruction.

New Trial.