Snorteer S. Sanders v. Mrs. W. N. Word.

Decided April 18, 1908.

1.—Homestead—Illegal Sale—Limitation.

When the homestead is sold by the husband over the protest of the wife, and without her joinder in the deed, the ten years' statute of limitation will run from the date of the sale against her right and the right of her heirs to recover the same.

2.—Limitation—Void Deed—Boundaries of Possession—Evidence.

Even though a deed be void, it is admissible in evidence, and may be considered under a plea of limitation for the purpose of determining the extent and boundaries of the vendee's claim and the disseizin of the vendor.

Appeal from the District Court of Eastland County. Tried below before Hon. J. H. Calhoun.

*J. T. Hammons,* for appellant.

*J. J. Butts,* for appellee.—A deed of conveyance to the community homestead, executed and properly acknowledged by the husband, not joined by the wife, and duly filed for record, is admissible in evidence under a plea of three, five or ten years limitation and will support such pleas. Cuellar v. DeWitt, 5 Texas Civ. App., 568; Smith v. Uzzell, 61 Texas, 221; Hussey v. Moser, 70 Texas, 42; Simonton v. Mayblum, 59 Texas, 7; Kelley v. Whitmore, 41 Texas, 647.

A deed of conveyance by the husband not joined by his wife, if properly executed, acknowledged and recorded, will support a plea of limitation of five years where the community homestead is involved, and is admissible in evidence in support of such a plea. State etc. Bank v. Roberts, 18 Texas Ct. Rep., 716; McDonough v. Jefferson County, 79 Texas, 539; Hunton v. Nichols, 55 Texas, 217; Harris v. Wells, 85 Texas, 315; Cuellar v. DeWitt, 5 Texas Civ. App., 568; Smith v. Uzzell, 61 Texas, 221; Hussey v. Moser, 70 Texas, 42; Simonton v. Mayblum, 59 Texas, 7; Kelley v. Whitmore, 41 Texas, 647; Craig v. Cartwright, 65 Texas, 413; Bringhurst v. Texas Company, 39 Texas Civ. App., 500; Rev. Stats. art. 3194, 3195.

A deed properly executed and acknowledged by the husband and duly recorded, though not joined by the wife, is admissible in evidence under a plea of ten years limitation and will support such plea to the extent of the boundaries called for in such deed, where the community homestead is involved, as in this case.

One disability can not be tacked to another; the disability of minority can neither be tacked to that of coverture, nor of imprisonment. Limitation began to run against appellant upon the death of his mother, Bethena Sanders. Hunton v. Nichols, 55 Texas, 230; Wichita Land etc. Co. v. Ward, 21 S. W., 130; Laughter v. Laughter, 52 S. W., 987-988.

Speer, Associate Justice.—Snorteer S. Sanders instituted this

suit in trespass to try title to recover from Mrs. W. N. Word an undivided interest in certain lands in Eastland County. The defendant pleaded not guilty, a prior judgment in her favor, and the statutes of three, five and ten years limitations respectively. At the conclusion of the evidence the trial court instructed a verdict for the defendant, and the plaintiff has appealed.

As we view the case, a determination by us of one question is decisive of the appeal and renders unnecessary a consideration of the other very interesting questions presented. Appellant's right of recovery is based upon the contention that the land sued for was formerly the homestead of his mother and father until April 23, 1884, at which time his father, J. L. Sanders, in direct hostility to the interests of his mother, Bethena Sanders, conveyed the same to the husband of appellee, now deceased, and that his mother never at any time assented to the sale, but at all times refused to join in the conveyance and was prevented by the violence and threats of her husband from instituting suit to recover the land, and that by reason of these facts and the minority of appellant limitations would not avail appellee, and he was entitled to recover. Bethena and J. L. Sanders are both dead, and the appellant became twenty-one years of age January 16, 1902, and this suit was instituted October 16, 1906.

The deeds to the land, aggregating two hundred and forty acres, of date April 23, 1884, as aforesaid, were duly registered, and appellee and her husband went immediately into possession of the property and have ever since occupied the same in such manner as to give title by limitation under the ten years statute, if limitations ran against Bethena Sanders under the circumstances. That Bethena Sanders was not exempt from the running of the statute by reason of her coverture seems to be indisputably settled by the authorities. Cuellar v. DeWitt, 5 Texas Civ. App., 568. And it needs no citation of authority to show that the disability of appellant's minority can avail him nothing if limitations ran against his ancestor.

But it is further contended by appellant that even though appellee should be held to have title under the statute of ten years limitations, yet her recovery should not extend beyond one hundred and sixty acres under article 3344, Sayles' Texas Civil Statutes. But we are of opinion that even though the deed be void as a conveyance by reason of its conveying the community homestead without the wife's joinder therein, and even though the same be not title nor color of title within the meaning of article 3340, Sayles' Texas Civil Statutes, as the Supreme Court in several instances has held, yet the same was properly admitted in evidence and properly considered by the court in determining the extent of the disseizin of appellant's ancestor, and therefore for fixing the limits of the recovery to which appellee was entitled under the statue pleaded. It has been held that an instrument void on its face might be looked to as such written memorandum of title as would enlarge the extent of a claimant's recovery under the ten years statute. (Wofford v. McKinna, 23 Texas, 36, citing Charle v. Saffold, 13 Texas, 94. See, also, Craig v. Cartwright, 65 Texas, 413; Bringhurst v. The Texas Co., 39 Texas Civ. App., 500; State National Bank v. Roberts, 18 Texas Ct. Rep., 714.)

For the reason, if for no other, that appellee had shown a perfect title to the lands sued for under the ten years statutes of limitations, the court properly instructed a verdict in her favor. The judgment of the District Court is therefore affirmed.

*Affirmed.*

Writ of error refused.