176 P.2d 187

WITHERSPOON v. BRUMMETT et al.

No. 5000.

Supreme Court of New Mexico.

Dec. 31, 1946.

James A. Hall, of Clovis, for appellants.

Gore & Babbitt, of Clovis, for appellee.

BRICE, Justice.

The question is whether appellee's testate, R. M. Witherspoon, was at his death in 1946 the owner of the South Half of Section 14, Township 7, North of Range 26 East, N. M. P. M., situated in Curry County, New Mexico.

The following is the decision of the trial court:

"1. That the estate of Joe T. Brummett, deceased was probated before the Probate Court of Curry County, New Mexico, in cause No. 389, and P. B. Hartley was appointed and qualified as administrator therein on the 5th day of July, 1922.

"2. That the wife of Joe T. Brummett predeceased him and that at his death he was the owner in fee of the South Half of Section 14, and the North half of Section 23 in Township 7 North of Range 36 East, N. M. P. M.

"3. That the defendant Barney Brummett, also known as J. B. Brummett, was born June 27, 1910; that Henry Brummett was born June 15, 1913; and Thelma Brummett, now Thelma O'Neal, was born March 22, 1915; that the said Henry Brummett and Thelma Brummett each inherited from the deceased Joe T. Brummett a one-sixteenth interest in the estate of the said Joe T. Brummett, deceased, and the said Barney Brummett inherited from the said Joe T. Brummett a one-eighth interest in his estate.

"4. That thereafter the said administrator, P. B. Hartley, instituted a suit in District Court, cause No. 2264 in the District Court of Curry County, New Mexico, for the purpose of selling all of the real estate belonging to the estate of the said Joe T. Brummett, deceased, for the purpose of paying the indebtedness of the said Joe T. Brummett, deceased.

"5. That it was the intention of the said P. B. Hartley, administrator of the estate of the said Joe T. Brummett, deceased, to sell and convey the South half of Section 14, Township 7 North of Range 36 East, N. M. P. M., together with other lands of the said deceased in Township 7 North, Range 36 East, for the purpose of obtaining funds to pay the indebtedness against said estate, and that in the proceedings for the sale of said lands of said estate, the said administrator inadvertently listed the South half of Section 26 in said township and range, instead of the South half of Section 14 in said township and range.

"6. That the South half of Section 26, Township 7 North of Range 36 East, N. M. P. M., at no time was the property of the estate of the said Joe T. Brummett, deceased.

"7. That the said administrator, P. B. Hartley, in his endeavor to sell the real estate of the said deceased, to pay the debts against said estate, erroneously described the South half of Section 14, Township 7 North of Range 36 East, as the South half of Section 26, Township 7 North, Range 36 East, N. M. P. M.

"8. That the order of the court confirming the sale in said cause No. 2264 by the said administrator to the plaintiff herein, R. M. Witherspoon, correctly described said property belonging to the estate of the said Joe T. Brummett, deceased, as the South Half of Section 14, Township 7 North, Range 36 East, N. M. P. M. the property now claimed by the plaintiff.

"9. That the said plaintiff, R. M. Witherspoon, paid to the said P. B. Hartley, administrator aforesaid, a valuable consideration for the said South half of Section 14, Township 7 North of Range 36 East, N. M. P. M., whereupon the said administrator made and executed a deed to the said R. M. Witherspoon, same being filed of record July 25th, 1923, in the office of the County Clerk of Curry County, New Mexico.

"10. That the plaintiff herein, R. M. Witherspoon, has been, since the 25th day of July 1923, in actual, visible, open, notorious, exclusive and hostile possession of the land involved herein; and that the said plaintiff, R. M. Witherspoon, has paid all taxes against the lands involved herein since the 25th day of July 1923.

"11. That the plaintiff, R. M. Witherspoon, has had actual, visible appropriation of the South half of Section 14, Township 7 North, Range 36 East, Curry County, New Mexico under color of title since the 25th day of July, 1923.

"12. That the defendants Barney Brummett, Henry Brummett, and Thelma O'Neal, formerly Thelma Brummett, were represented in cause No. 2264 by a Guardian ad Litem, appointed by the District Court, to protect the interest of said defendants, then minors, in said sale.·

"13. The Court finds the issues generally in favor of the plaintiff and against the defendants.

"Based upon the foregoing findings of fact, the Court concludes:

Conclusions of Law

"1. That the plaintiff, R. M. Witherspoon, is entitled to a decree quieting title in the plaintiff, in and to the South half of Section 14, Township 7 North of Range 36 East, Curry County, New Mexico, adverse to any and all claims of the defendants, or either of them, their heirs or assigns.

"2. That the defendants Barney Brummett, also known as J. B. Brummett, Henry Brummett and Thelma Brummett, now Thelma O'Neal, have no right, title or in-

terest in and to said land, or any part thereof, adverse to the interest of the plaintiff therein.

"3. That the title of the plaintiff, R. M. Witherspoon, in and to the South half of Section 14, Township 7 North, Range 36 East, N. M. P. M., Curry County, New Mexico, should be quieted and set at rest against all claims of the defendants herein.

"4. That the answer and cross-complaint of the defendants should be dismissed."

■ The appellants filed exceptions to these findings and conclusions in the trial court, but the assignment of errors is not based thereon. The facts found by the trial court, if not attacked here are, ordinarily, the facts upon which the case must rest in this court. In re White's Estate, 41 N. M. 631, 73 P.2d 316; Wells v. Gulf Refining Co., 42 N.M. 378, 79 P.2d 921; Lopez v. Townsend, 42 N.M. 601, 82 P.2d 921; Ritter-Walker Co. v. Bell, 46 N.M. 125, 123 P.2d 381.

Sec. 6 of Rule 15 of the Supreme Court is as follows:

"Assertion of fact must be accompanied by references to the transcript showing a finding or proof of it. Otherwise the court may disregard the fact.

"A contention that a verdict, judgment or finding of fact is not supported by substantial evidence will not ordinarily be entertained, unless the party so contending shall have stated in his brief the substance of all evidence bearing upon the proposition, with proper references to the transcript. Such a statement will be taken as complete unless the opposite party shall call attention in like manner to other evidence bearing upon the proposition."

■ This rule has been construed a number of times by this court. It contemplates a direct attack upon questioned findings; and in the absence of such attack, the facts found by the trial court will ordinarily not be disturbed. Arias v. Springer, 42 N.M. 350, 78 P.2d 153; Hobbs Water Co. v. Madera, 42 N.M. 373, 78 P.2d 1118. There has been no direct attack made in this court upon the trial court's findings of fact; and therefore only questions of law presented, going to the sufficiency of the facts to support the judgment, will be considered.

The appellants assign errors as follows:

"I. That the deed conveying to R. M. Witherspoon was not color of title because:

(a) It was void upon its face;

(b) The property was not sold for cash as provided in the order or decree of sale, but was traded between Witherspoon and the Administrator and w... h the consent of the adult heirs.

"II. That the possession of R. M. Witherspoon was not actual, visible, open, notorious, exclusive and hostile, and in good faith, as to the appellants herein."

█ It is asserted by appellants that the deed conveying the property to R. M. Witherspoon was not color of title because: (a) it was void upon its face; and (b) because certain provisions of the statute providing for the sale of property by administrators were not followed. It is unnecessary to recite these defects, if any, because it matters not whether the deed was void on its face or void at all, it was color of title. Hitt v. Carr, 62 Ind.App. 80, 109 N.E. 456; McFarland v. Cornwall, 151 N.C. 428, 66 S.E. 454; Wright v. Mattison, 18 How. 50, 15 L.Ed. 280; Deprutron v. Young, 134 U.S. 241, 10 S.Ct. 539, 33 L. Ed. 923 (construing Nebraska law); Sutton v. Jenkins, 147 N.C. 11, 60 S.E. 643; Work v. United Globe Mines, 12 Ariz. 339, 100 P. 813; Gatling v. Lane, 17 Neb. 77, 22 N.W. 227; Colvin v. McCune, 39 Iowa 502; Miesen v. Canfield, 64 Minn. 513, 67 N.W. 632; Pharis v. Bayless, 122 Mo. 116, 26 S.W. 1030; Stovall v. Fowler, 72 Ala. 77; Brown v. Hartford, 173 Mo. 183, 189, 73 S.W. 140. The appellee cites the following authorities which support our conclusion: Brian v. Melton, 125 Ill. 647, 18 N.E. 318 (void Admr's. deed); Steinberg v. Salzman, 139 Wis. 118, 120 N.W. 1005 (void Admr's. sale); Hall v. Law, 102 U.S. 461, 26 L.Ed. 217 (Guardian's sale); Satariano v. Galletto, 66 Cal.App.2d 813, 153 P.2d 201; 4 Tiffany on Real Property, Sec. 1155; 1 A. J. "Adverse Possession" Sec. 199; 2 C.J.S., Adverse Possession, § 72.

There are authorities to the contrary (Hardy Oil Co. v. Burnham, 58 Tex.Civ.App. 285, 124 S.W. 221; Bernal v. Gleim, 33 Cal. 668; Sanders v. Word, 50 Tex.Civ. App. 294, 110 S.W. 205); but the great weight of authority is opposed to these cases.

█ Appellants' second assignment of error raises the question of whether R. M. Witherspoon was in good faith, in actual, visible, open, notorious, exclusive, and hostile possession of the property in question. But this is a question of fact. The trial court determined that Witherspoon was, "since the 25th day of July 1923, in actual, visible, open, notorious, exclusive and hostile possession of the land involved herein" and that he had paid taxes thereon since the 25th day of July, 1923; also, that he "has had actual, visible, appropriation of the land in question" under color of title since the 25th day of July 1923. (Findings Nos. 10 and 11). These findings are not directly attacked, and are binding on this court.

█ It is said that the appellants were tenants in common with the deceased Witherspoon, by reason of which, it is claimed, his possession was not adverse. But Witherspoon claimed under a deed which purported to convey the entire tract to him, and under which he took actual, open and exclusive possession. This operated as a disseizin of all others, and was sufficient

notice to all claimants, including tenants in common, that the property was claimed adversely to them. Baker v. Trujillo De Armijo, 17 N.M. 383, 128 P. 73; Armijo v. Neher, 11 N.M. 645, 72 P. 12.

■ Witherspoon's good faith is challenged. We said in Thurmond v. Espalin, 50 N.M. 109, 171 P.2d 325, 331:

"As we have seen from the authorities quoted, 'good faith' in acquiring title by adverse possession does not require ignorance of adverse claims or defects in title. There is nothing in this affidavit or its recording which indicates a disavowal by Thurmond of his claim of right or a recognition of the claim of anyone else.

"Since the trial court by its findings and conclusions necessarily concluded that the evidence did not show an absence of good faith and it being our duty on review to entertain all reasonable presumptions in favor of the correctness of the trial court's findings, conclusions and decree, we do not find ground for reversal."

■ There is nothing in the record to indicate that Witherspoon, who paid a large sum of money for the land in question, was not acting in good faith. In fact the whole record indicates that he was.

Accordingly the judgment of the district court should be, and is, affirmed.

It is so ordered.

SADLER, C. J., and BICKLEY, LUJAN, and HUDSPETH, JJ., concur.