This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-36376**

**CITY OF CLOVIS,**

Plaintiff-Appellee,

v.

**MONA BRYANT,**

Defendant-Appellant,

and

**BANK OF AMERICA, N.A.,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**David P. Reeb, Jr., District Judge**

Greig & Richards, P.A.
David F. Richards
Clovis, NM

for Appellee City of Clovis

Fuqua Law & Policy, P.C.
Scott Fuqua
Santa Fe, NM

for Appellant

McCarthy & Holthus, LLP
Joshua T. Chappell
Karen H. Weaver

Albuquerque, NM

for Appellee Bank of America, N.A.

## MEMORANDUM OPINION

**B. ZAMORA, Judge.**

**{1}** Mona Bryant appeals the district court's order setting aside the judgment, sale, and redemption of her property in favor of Bank of America, N.A. (BoA). Bryant argues the district court abused its discretion in setting aside the judgment based on a finding of excusable neglect under Rule 1-060(B)(1) NMRA.[1] Unpersuaded, we affirm.

## BACKGROUND

**{2}** In April 2014 the City of Clovis filed notices of foreclosure of liens on numerous properties, including Bryant's home. At the time, Nationstar Mortgage, LLC d/b/a Champion Mortgage Co. (Nationstar), BoA's predecessor, held a mortgage on Bryant's property. When Nationstar's attorney, from the Castle Law Group, LLC, received the notice of foreclosure from the City, she claimed that service was improper in two separate letters, but later filed an answer on behalf of Nationstar to the notice of foreclosure of liens. The City attempted to notify the Castle Law Group of the trial setting by phone, email, letter, and in person but found the law firm's address was vacant. On May 12, 2015, a trial was held on the City's foreclosure action but neither Bryant nor Nationstar appeared. The district court entered a decree of foreclosure and transfer of title judgment on June 17, 2015, transferring title of Bryant's property to the City. Approximately two months later, the City held a public auction and accepted a bid of $1,000 for Bryant's property. Bryant then exercised her right of redemption and recorded her quitclaim deed for $4,432.64 on November 18, 2015. Previously, Nationstar filed a foreclosure action against Bryant in May 2013 to foreclose on the mortgage, which had a principal balance of $205,228.34, and summary judgment was granted in its favor a year later in May 2014, just after the City filed its notice of the foreclosure lien on Bryant's property.

**{3}** On January 28, 2016, just over two months after Bryant redeemed the property, BoA filed a motion to set aside judgment, sale, and redemption pursuant to Rule 1-060(B)(1), and (B)(6) NMRA, claiming that because the Castle Law Group closed without notifying Nationstar, the default judgment against Nationstar should be set aside based on excusable neglect or exceptional circumstances. BoA alleged Nationstar was unaware of the City's foreclosure proceedings and Bryant's redemption when Nationstar transferred its interest in Bryant's property to BoA on November 24, 2015. Nationstar, and subsequently BoA, attributed its lack of notice to the disintegration of its former counsel, the Castle Law Group, because counsel failed to notify Nationstar or the district court that it was withdrawing as counsel for Nationstar. The district court granted BoA's motion under Rule 1-060(B)(1) based on a finding of "excusable neglect." After

---

[1]To the extent Bryant argues the district court likewise erred in setting aside the judgment based on Rule 1-060(B)(6), we need not and do not reach this issue.

Bryant's motion to reconsider the order setting aside judgment, sale, and redemption was denied, Bryant appealed.

**DISCUSSION**

**The District Court Did Not Abuse its Discretion in Finding Excusable Neglect**

{4}     The issue before us is whether the district court abused its discretion by granting BoA's motion to set aside judgment, sale, and redemption. Bryant argues the district court abused its discretion in setting aside the judgment because "equity is not on the BoA's side" and therefore "Rule 1-060 is unavailable."

{5}     As an initial matter, we note Bryant does not dispute the district court's finding that Nationstar did not receive actual notice; she only disputes the district court's legal conclusion based on that fact. As such, we treat the district court's undisputed factual findings as the facts of the case. *See Witherspoon v. Brummett*, 1946-NMSC-045, ¶ 3, 50 N.M. 303, 176 P.2d 187 (holding that when the findings by the district court are undisputed they are considered the facts of the case).

{6}     "We generally review the district court's grant of relief under Rule 1-060(B) for an abuse of discretion[.]" *Kinder Morgan CO2 Co., L.P. v. State Taxation & Revenue Dep't*, 2009-NMCA-019, ¶ 9, 145 N.M. 579, 203 P.3d 110. A court abuses its discretion if the ruling is clearly against the logic of the facts and is "clearly untenable or not justified by reason." *Id.* (internal quotation marks and citation omitted). Absent a clear showing of an abuse of discretion, the decision should not be disturbed on appeal. *Wolf & Klar Cos. v. Garner*, 1984-NMSC-040, ¶ 10, 101 N.M. 116, 679 P.2d 258.

{7}     Rule 1-060(B) motions are grounded in equity and require the balancing of finality against relief from an unjust judgment. *Phelps Dodge Corp. v. Guerra*, 1978-NMSC-053, ¶ 15, 92 N.M. 47, 582 P.2d 819. Rule 1-060 is to be construed liberally; the district court "must consider whether there are any intervening equities that make it inequitable to grant relief." *Id.* A motion to set aside the judgment filed within a year of final judgment may be granted under Rule 1-060(B)(1) based on "excusable neglect." In determining whether there was excusable neglect, the district court considers all relevant circumstances related to a party's neglect, including: (1) "the danger of prejudice to the non-moving party," (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay," and (4) "whether the movant acted in good faith." *Kinder Morgan*, 2009-NMCA-019, ¶ 12 (alteration, internal quotation marks, and citation omitted).

{8}     Here, the district court found the prejudice to Bryant was minor, especially because she would be reimbursed for her redemption costs. We agree.[2] The disparity

---

[2]Bryant argues that she has suffered greater prejudice than BoA because BoA can possibly bring a suit against Nationstar and the now-defunct Castle Law Group. However, Bryant fails to cite any authority showing how this affects the Rule 1-060(B)(1) analysis, and we decline to address it. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2,

between Bryant's potential loss of the benefit of her bargain and BoA's loss was significant,[3] particularly because Nationstar had already been granted summary judgment with the right to foreclose in a separate proceeding. And, by setting aside the judgment, sale, and redemption, the district court would merely be restoring Bryant to the same position she was in before the City obtained its judgment against her property. *See id.* ¶ 22 (holding that the insurance company's potential loss of over two million dollars outweighed the appellant's loss of the benefit of the bargain).

**{9}** The district court also found that the length of, and reason for the delay did not weigh against BoA. First, the length of delay was not significant as BoA filed its motion to set aside the judgment within seven months of the date the judgment was entered in favor of the City. *See* Rule 1-060(6) (requiring that motions under Rule 1-060(1) for excusable neglect must be made "not more than one (1) year after the judgment"). As to the reason for delay, the Castle Law Group's failure to notify Nationstar of the foreclosure proceedings and failure to notify the district court that it was withdrawing as counsel caused the delay. However, this does not prevent the district court from granting BoA's motion. *See Kinder Morgan CO2*, 2009-NMCA-019, ¶ 18 (providing that Rule 1-060(B)(1) gives the district court "discretion to grant relief despite an attorney's carelessness"). And although the district court did not address the impact of the delay, we agree with BoA that any impact was cured by BoA's satisfaction of the City's lien and the district court's order that the City refund Bryant for the amounts she paid in the redemption process.

**{10}** Finally, while Bryant argues that Nationstar failed to take any action to protect its interest, she does not point to anything in the record that would indicate that BoA acted in bad faith. *See Kinder Morgan CO2*, 2009-NMCA-019, ¶ 20 (stating that undisputed failure by counsel does not amount to movant acting in "bad faith"). The district court weighed the relevant factors and determined that, on balance, BoA had met its burden to set aside the judgment. Because we agree with the district court's determination as to each of the four factors, we conclude the district court did not abuse its discretion in granting BoA's motion.

**CONCLUSION**

**{11}** For the foregoing reasons, we affirm.

**{12}** **IT IS SO ORDERED.**

**BRIANA H. ZAMORA, Judge**

---

100 N.M. 764, 676 P.2d 1329 ("Issues raised in appellate briefs which are unsupported by cited authority will not be reviewed by us on appeal.").

3 Bryant argues generally that her redemption for $4,432.64 is an "intervening equit[y]" and should not be considered a windfall. *See Phelps Dodge*, 1978-NMSC-053, ¶ 15. **[BIC 9]** However, a decision by a court of equity to prevent "severe loss" to one party when another party receives a "sheer windfall" is appropriate. *Crown Life Ins. Co. v. Candelwood, Ltd.*, 1991-NMSC-090, ¶ 19, 112 N.M. 633, 818 P.2d 411.

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**