ROBERT McFARLAND et als. v. ROBERT L. CORNWELL.

(Filed 15 December, 1909.)

1. Equity—Pleadings.

    In order to obtain equitable relief the party seeking it must allege such facts as will entitle him to it.

2. Mortgagor and Mortgagee — Purchaser — Adverse Possession — Void Mortgage—"Color"—Limitations of Action.

    A possessory action brought by the heirs at law of a mortgagor alleging that the mortgage is void, and seeking to recover the land independent of the mortgage, and claiming nothing by virtue of it, but claiming the land against it, may be barred by lapse of time; and it appearing that defendant had entered under a deed good as color of title and showed adverse possession by himself and those under whom he claimed for seven years. *Held,* that plaintiffs are not entitled to recover.

3. Mortgagor and Mortgagee—Seal—Procedure—Invalid Mortgage— Limitation of Actions—Equities.

    In a possessory action to recover lands and not to assert equitable rights to redeem the land, the ten-year statute, Revisal, sec. 391, subsec. 4, has no application.

4. Same—"Color"—Parties—Tenant—Adverse Possession.

    In an action of ejectment the owner is not a necessary party, and the length of his absence from the State should not be considered where there is a tenant in possession against whom suit may be brought.

5. Mortgagor and Mortgagee—Invalid Mortgage—Right of Posses-
   sion—Adverse Possession.

   A void mortgage of lands confers no right of possession to the
   purchaser at a sale under its terms, and when he takes a deed
   and enters into possession, the mortgagor has the legal right of
   possession and can recover it at any time notwithstanding the
   instrument, until barred by lapse of time.

WALKER, J., dissents.

APPEAL from *Joseph Adams, J.,* Spring Term, 1909, of POLK.

This is an action in the nature of ejectment, to recover pos-
session of a tract of land. These issues were submitted, without
objection:

1. "Are the plaintiffs the owners of and entitled to the posses-
sion of the land described in the complaint?"   Answer: "No."

2. "Is defendant in possession of said land?"   Answer: "Yes."

3. "Are plaintiffs barred by the statute of limitations?"   An-
swer: "Yes."

From a judgment for the defendant the plaintiffs appealed.

*R. S. Eaves* and *James P. Morris* for plaintiffs.
*Shipman & Williams* for defendant.

BROWN, J.   The land in controversy was the property of J. C.
McFarland, who, in 1891, undertook to mortgage it to F. M.
Burgess. The mortgage is defective, in that it has no seal. The
land was sold under the power contained in the mortgage, and
was conveyed to W. E. Hill by F. M. Burgess on 9 August, 1894;
Hill conveyed to F. M. Burgess, 11 August, 1894; Burgess con-
veyed, 10 September, 1894, to R. S. Abrams, for the considera-
tion of $350, who then entered into actual and exclusive posses-
sion.   On 15 April, 1897, Abrams conveyed to defendant, Robert
L. Cornwell, who has been in actual possession ever since.   The
uncontradicted evidence of the witness M. A. Cornwell shows
that he entered into possession of the land in October, 1894, as
tenant of R. S. Abrams, grantee of Burgess, and that he has been
in possession of the same ever since; that he cultivated the land
as tenant for Abrams until Abrams conveyed it to the defendant,
and that he has continued to cultivate it for the defendant ever
since.   This action is brought by the heirs at law of J. C. McFar-
land and was commenced on 9 September, 1907.   The merits of
this appeal may be fully considered in passing upon the correct-
ness of the judge's ruling upon the statute of limitations, and
that depends upon the character of the action.   Is it an action
equitable in its nature, brought by the heirs of a mortgagor for
redemption of the land sold under the mortgage, which may be

commenced within ten years after .the right of action accrues? Revisal, sec. 391, subsec. 4. If it is, then the defendant, Robert L. Cornwell, was a necessary party, and his Honor erred in instructing the jury "that if you find from the evidence that the land has been in the possession of the defendant, and those under whom he claims, since October, 1894, as claimed by defendant, and that the defendant has had a tenant in possession of said land continuously since the date of his deed, in 1897, it will be immaterial as to whether or not the defendant himself has been residing within or without the State."

When the personal presence of a defendant in the action is essential to the granting of the relief, the time when he is absent from the State is not to be counted, and section 366, Revisal 1905, applies.

We are of opinion that the plaintiffs have elected to stand upon their strict legal rights, as the holders of the legal title, and that they do not seek in this action to redeem the land. It may be the land is not worth redeeming, and that plaintiffs have good and sufficient reason for their course.

It is unquestioned that if the plaintiffs had chosen to assert their equitable rights and had sought a redemption of the land, the statute would not bar them under ten years from the date when the cause of action accrued, and that the time when the defendant was absent from the State would not be reckoned against them. Revisal, sec. 366; *Bruner v. Threadgill,* 88 N. C., 362. But we take it that to get the benefit of such statute the plaintiffs must present a cause of action to the adjudication of which such defendant is personally a necessary party.

The complaint in this case alleges that the plaintiffs are the owners in fee of the land, that the defendant is in the wrongful possession thereof, and that the mortgage and deeds under which defendant claims are absolutely void and of no effect, and demands judgment for possession of the land.

In order that there should be no misunderstanding as to plaintiffs' cause of action and what relief they desired, after the reading of the pleadings, the court asked the question as to whether or not this was intended as an action of ejectment or an action to foreclose or redeem a mortgage, and also asked the question as to whether or not the pleadings should not be amended so as to set forth more clearly the contentions of the parties. This was followed by the court directing the parties to proceed, stating at this time that he would allow such amendments, after the evidence was in, as might appear to be necessary to administer justice. Neither party, after this, asked permission to amend their

pleadings. The plaintiffs evidently did not desire any equitable relief, as they not only failed to ask for it, but refused to set out the necessary facts and allegations which would have entitled them to it, even when invited to do so. It is true that the court will award such relief, regardless of formal prayers, as the pleadings and the facts found entitle a party to, but it has never been held that the court will dispense with allegations in the pleadings which are necessary to warrant the relief which, upon proper pleadings and findings, would be given, whether asked for or not.

It is plain that plaintiffs declined to amend their complaint because they preferred to stand upon their supposed legal right to recover the land in ejectment, freed from any obligation to repay the money loaned, upon the theory that the mortgage, not being under seal, was so absolutely void that the defendant acquired no right whatever, equitable or otherwise, under it. For this reason, the plaintiffs tendered no issues and were content with those submitted. The court therefore submitted the only proper issues to the jury·raised by the pleadings. The court could not have treated the action as an action to redeem, without submitting issues not raised by the pleadings and without converting an action in the nature of an action of ejectment into a different action altogether.

The plaintiff cannot declare upon one cause of action and recover upon an entirely different cause of action. *Sams v. Price,* 119 N. C., 572.

It cannot be gainsaid that the plaintiffs, who are *sui juris,* may forego whatever equity they may have had, and rely solely on their legal title, which they already held, notwithstanding the mortgage.

Cases such as *Witkowski v. Watkins,* 84 N. C., 456, relied on by plaintiffs, have no application here. In that case the legal title passed to the mortgagee and he was permitted to recover the possession of the land because he held the legal title. · These plaintiffs claim as heirs at law of McFarland, who died seized of the land, but they do not claim anything under the paper-writing he signed, not even an equity of redemption. They repudiated all rights under the instrument and claim the land adversely to it. In other words, they have elected to stand just as if no mortgage had been made. For this reason, the principles applied in *Froneberger v. Lewis,* 79 N. C., 426; *Parker v. Banks,* 79 N. C., 480, and *Bruner v. Threadgill,* 88 N. C., 362, and similar cases, do not apply here. In those cases all parties, plaintiffs and defendants, recognized the mortgages as valid, and

claimed through and under them. In the last-named case it was held that where a mortgagee sells and conveys to one who reconveys to him, the latter's possession under such deed is not adverse to the mortgagor, for *the reason that the mortgagee, having the legal title, was entitled to possession* upon default, and that the mortgagor, or his representatives, unless they have ratified the sale, can call upon the mortgagor for an accounting at any time within ten years after the cause of action accrues. In that case, the plaintiffs set out their equity, claimed under the mortgage, and asked for an accounting. It was strictly a bill in equity to redeem.

In the case at bar, plaintiffs repudiate the mortgage—claim nothing under it, but everything against it. The difference between the cases is obvious.

The instrument signed by McFarland was not a common-law mortgage, and the legal title never passed out of him. He and his heirs had the legal right to the possession, and could have recovered it at any time, notwithstanding the instrument, until barred by lapse of time. The instrument conferred no right of possession on the defendants herein, but only a bare equity, requiring the intervention of a court, at their instance, to charge the land with the money loaned. *Atkinson v. Miller,* 9 L. R. A., 544; 1 Jones on Mortgages, sec. 168.

Although the defendant has pleaded the statute of limitations in the form of action stated in the complaint, it was not necessary to plead it. Statutes of limitation act on the remedy, whereas possessory statutes confer title which is created by possession.

As against plaintiffs, claiming, not under, but against the mortgage, the defendant could set up a title by color and continuous adverse possession, either in person or by his tenant.

The fact that for a part of the time the defendant was out of the State made no difference. He was exposed to an action for possession, through his tenant in possession during that time. *Weaver v. Love,* 146 N. C., 414. The uncontradicted evidence shows that the tenant of defendant was in continuous adverse possession since October, 1894, and at any time since then an action to recover the possession could have been brought.

The plaintiffs allege that the deed to the defendant is absolutely void and conveys nothing. That being true, it is nevertheless color of title, because it fails to convey the true title, and with seven years' adverse continuous possession under it a legal

title to the land is perfected. *Mobley v. Griffin,* 104 N. C., 112. The judgment of the Superior Court is
Affirmed.

