L. L. OWENS AND WIFE v. L. H. HORNTHAL ET AL.

(Filed 13 September, 1911.)

1. Mortgages, Constructive—Possession—Beyond Court's Jurisdiction—Limitation of Actions—Equity.

When a sale of mortgaged lands is made by the mortgagees
under a power contained in the instrument, who remain beyond
the borders of the State and the jurisdiction of our courts, claiming constructive possession through their tenants, the statute of
limitations will not run as against the mortgagors, for the foreclosure of a mortgage is equitable, with the right of the mortgagor to an accounting for rents and profits, and differs from an
action in ejectment, because the latter is of a possessory character.

2. Mortgages — Sales — Fraud — Relationship—Presumptions—Evidence—Questions for Jury.

No presumption of fraud arises from the mere fact that a son of the mortgagee purchased the mortgaged lands at a foreclosure sale made under a power contained in the instrument; but the near relationship of the purchaser to the mortgagee is a circumstance in evidence which, taken with other evidence that the purchaser was insolvent, a very young man, dependent upon his father, the mortgagee, to whom he reconveyed at the same recited consideration as this bid, there being no advertisement of the land and the bid being for a third or half the value of the land, is sufficient to go to the jury upon the question of a fraudulent sale.

3. Mortgages — Mortgagees in Possession—Timber—Accounting—Deeds—Value—Evidence.

When mortgagees are held to an accounting for the value of the timber they have sold from the mortgaged premises, having entered possession under a void foreclosure deed, their timber deeds are evidence against them of the value of the timber they have sold at the times of the sales, without reference to whether it was a long time after the foreclosure sale or at a time when it had immensely increased.

4. Mortgages—Fraud—Relationship—Evidence—Questions for Jury.

An erroneous charge of the trial judge, that the plaintiff had made a *prima facie* case of fraud in his action to set aside a deed given to the purchaser under a foreclosure sale of a mortgage, appearing to be an inadvertence, is harmless when it appears from the whole charge that the burden of proof was properly put upon the plaintiff.

APPEAL from *Ward, J.,* at January Special Term, 1911, of WASHINGTON.

Mrs. Caroline B. Hilliard was the owner of a half interest in the lands set out in complaint, known as the Polly Garrett lands. On 13 February, 1885, Caroline B. Hilliard and her husband, J. P. Hilliard, executed a mortgage on said one-half interest to the defendant L. H. Hornthal and his copartner, L. Hornthal. The mortgage had the usual power of sale. L. H. Hornthal afterwards acquired the interest of his brother and comortgagee.

After said mortgage was executed, the said Caroline B. Hilliard, the owner of the one-half interest, died, leaving four chil-

dren, the *feme* plaintiff being one, and therefore the owner by descent of a one-eighth interest in said lands.

On 2 March, 1896, in default of payment, the mortgagees sold the land under power contained in the mortgage, at the courthouse, when L. P. Hornthal, son of L. H. and nephew of L. Hornthal, became the purchaser at $1,000, the mortgagees executing a deed to him dated 2 March, 1896. By deed dated 27 March, 1896, for a recited consideration of $1,000, L. P. Hornthal reconveyed the land to the two mortgagees, L. H. and L. Hornthal.

The plaintiff brings this action to set aside the sale (claiming that it was fraudulent and void and that L. P. Hornthal purchased for the mortgagees), and for an accounting of rents and profits.

The court submitted these issues:

1. Does the defendant L. H. Hornthal hold one-eighth interest in the Polly Garrett tract of land mentioned in the pleadings, as mortgagee for the plaintiff? Answer: Yes.

2. What is the amount now due on said one-eighth interest to the defendant on said mortgage? Answer: One-fourth of $3,182.14=$795.54.

3. What is the net aggregate rental on said one-eighth interest since 2 March, 1896? Answer: $505.

4. What is one-eighth value of timber sold by said defendant from said land? Answer: $518.75.

5. Is said cause of action barred by the statute of limitations? Answer: No.

There was a motion for new trial, which was refused. From the judgment rendered defendants appealed.

*W. M. Bond, W. M. Bond, Jr., and Ward & Grimes for plaintiffs.*

*E. F. Aydlett for defendants.*

BROWN, J. 1. It is contended by defendants that the cause of action is barred by the statute of limitations.

The undisputed evidence shows that on 2 March, 1896, the date of the attempted foreclosure, the *feme plaintiff*, the owner of the one-eighth interest, was married and a minor, and con-

tinued under disability beyond 1898; that in 1897 or 1898 both mortgagees removed to Norfolk, and have never resided in this State since. The defendants' evidence establishes that the mortgagees and those claiming under them have been in possession of the lands since the sale 2 March, 1896.

It is contended that the absence of the defendant Hornthal from the State does not prevent the running of the statute. It is true that in an action of ejectment, where there is a tenant or person in possession against whom action may be brought, the absence of the true owner from the State does not suspend the running of the statute. *McFarland v. Cornwell,* 151 N. C., 428. That is because ejectment is a possessory action, and may be maintained against the person in possession. But this proceeding is essentially equitable in its nature, and the mortgagees who made the sale and who are asked to account for rents and profits are necessary parties. It is governed by Rev., sec. 391, subsec. 4. The point is expressly ruled in *McFarland v. Cornwell, supra.*

2. It is contended that his Honor erred in denying the motion to nonsuit, because there is no evidence that the mortgagees purchased the land at their own sale through L. P. Hornthal.

Although he is the son of one and the nephew of the other mortgagee, no presumption of fraud arises because of such relationship.

There are cases which support such presumption when a deed for his property is made by one in failing circumstances to a near relative. *Lee v. Pearce,* 68 N. C., 76; *Smith v. Moore,* 149 N. C., 198. But no such presumption arises because of the sole fact that a son of full age buys under a mortgage sale made by his father, the mortgagee. We do not understand his Honor to have held to the contrary.

But there is evidence in this record which justified his Honor in submitting to the jury the question of the validity and *bona fides* of the sale of 2 March, 1896. While in this case no presumption of fraud arises from it, near relationship to the mortgagees is a circumstance in evidence. It is not sufficient of itself to warrant a verdict, but in this case it is supported

by other evidence of a pregnant character. The plaintiff's evidence tends to prove that L. P. Hornthal was insolvent and in debt; that he was a very young man, dependent on his father; that the consideration recited in the reconveyance made shortly after the sale was exactly the sum bid for the land; that there was no advertisement of the land and that it was bid off by the son for a third or half of its actual value.

It is true this evidence is controverted, but it is of such probative force that his Honor was justified in submitting the issue to the jury.

3. The timber deeds from the Hornthals were competent evidence tending to show what they had received for timber sold off this land. So long as the statute does not bar, it is immaterial that the timber was sold by Hornthal long after the attempted foreclosure. If that was a nullity, the relation of mortgagor and mortgagee continues and Hornthal must account for whatever he received for the timber at the time he sold it. The fact that gum timber had increased immensely in value between 1896 and 1909 cannot change a well-settled rule of law.

It is unfortunate for the defendant Hornthal that he did not proceed to foreclose in a manner more impregnable than the method pursued.

4. In concluding his charge, his Honor said to the jury, "that the whole evidence of the plaintiff makes out a *prima facie* case to go to you for what it is worth, and it, with the evidence of the defendant, is left with you to say, the burden of proving the issue being on the plaintiff, to say how you will answer the issue. It is evidence from which you may or may not answer the issue Yes."

We think his Honor was inadvertent in using the words *"prima facie* case," and if he had gone no further we would be compelled to award a new trial. But the remainder of the sentence, as well as the entire preceding charge, indicates clearly that the burden of establishing the issue was placed on the plaintiff, where it properly belonged. While the use of the words *"prima facie* case" was erroneous, it was evidently an inadvertence which, taking the charge as a whole, could not have misled the jury.

We have considered the remaining assignments of error and find them to be without merit.

No error.