Overton, j.
 

 sitting alone, (Humphreys, j. having been employed, and Campbell, j. absent the whole of this term from indisposition.)
 

 The defendant has the oldest grant, and in order to do away the effect of it, the plaintiff shews an older entry. This entry is good oh the face of it, and whether its calls have been complied with in the survey, is for the jury to determine. Calls in an entry are either directory or locative; the first are assistant, the latter bring the mind to the particular spot. If locative calls are not consistent with directory, they should greatly preponderate as to notoriety, so that subsequent locators could be in no danger of being misled. In this case the call of
 
 about one
 
 mile, is directory, and so are the creek and spring too, if
 
 *452
 
 several springs; which would make the marks at the spring the locative call. If the jury should be of opinion, that the spring where colonel Napier lives, was the spring intended by the location, and it appears to them, that, that spring could have been included by running in a square or oblong, not more in length, than twice its breadth; and that the land in dispute might also have been included by such survey, the plaintiff ought to recover on this ground; for it does not lie with the defendant to object, if by such running, which is an act of the surveyor,
 
 *
 
 the effect would have been the same as to him. In the course of argument, it has been asserted, that conformably to late decisions, Hooks claim ought to have been surveyed in a square, including the spring in the centre. If any such decision has ever taken place in this country, it is unknown, nor is it believed any case was ever finally decided on this ground. In the course of yearly twenty years experience, I have known many cases decided differently
 
 ;
 
 and that in surveying such an entry as this, it was sufficient if the survey was made in a square or oblong, not more in length, than twice its breadth; and the spot called for, included in any part of the tract.—This is believed to be the law, in cases where there are no elder claims to interfere
 
 ;
 
 in that case, the surveyor is allowed to depart from a square or oblong, by making his boundaries on such older claims.
 

 The defendant has opposed the plaintiffs claim, on the ground of seven years possession. On the part of the plaintiff it is insisted, that the defendant must have a deed himself, co-extensive with that possession. This is believed not to be the law. Suppose A. owns a tract of land, and has held possession thereof for two years; he sells to B. putting him in possession, who continues it five years more; in a suit brought against B. he surely may unite the possession of the person from whom he bought, to his own, and it will be a good bar. At present but three ways of possessing land can be conceived; as a trespasser—for himself—or under some other person. The defendant certainly was not a trespasser from March till August, nor could he be said in legal language to be holding for himself, until he had obtain
 
 *453
 
 ed a dead. During this time he must have held under Cockran, whose possession it was, until the deed was made. These two possessions being consistent, may he united, and thus afford a good bar. The act of
 
 1797,
 
 c. 43, s. 4, is couched in doubtful language. It is an explanatory act and therefore cannot extended by equity beyond its literal meaning, where that meaning is plain. But being ambiguous in the enacting claute, must be construed by the same rules, as all other statutes. The preamble shews, that it was intended to remove a doubt, which had arisen in the construction of a former act. What was that doubt? those who were acquainted with the cause of making the statute, know it was, whether a seven years naked possession, without a title, would bar a claim. Persons holding lands by entries, without grant, or perhaps neither entry, grant nor deed, had opposed their possessions as a bar. The act was only intended to be declaratory of the meaning of the former statute of 1715, c. 27. Though the meaning of this act was much contested, when the last act was passed, its construction has since been solemnly fixed both in North-Carolina and here; and to those, adjudications, it seems proper we should adhere. The act of 1797, was not designed to be introductive of a new law; and as its words will bear a construction conformable to the adjudged cases, there it ought to rest, and not be carried any further.
 
 (a)
 

 Possession of land, so as to produce a bar, must be an actual possession of some part in dispute. Cultivation of part of the defendant’s claim, not within the bounds of the disputed part, is not sufficient to authorize the bar of the statute.
 

 Verdict for defendant.
 

 *
 

 Tayl. 117, 163, 365. 1 Hay. 359. 3 Binney, 30, 32 28. 1 John. 495. Maryl. R. 139. 4 Dall 210, 218. Taylor and Quarles vs. Brown, S. C. U. S. 1812. Msc.
 

 (a)
 

 See 19 Vin. Ab.517 C. 6 Guil. Ed. Bao.Ab. 380, 384, 388 390. 3 Caine’s R. 68. 1 Dall. 434, 463. 2 Binn. 119, 120. 3 Binn. 348, 357.