# WOODRUFF *v.* ROYSDEN.

## (*Knoxville.* October 20, 1900.)

1. ADVERSE POSSESSION. *By father and son.*

Adverse possession of land held jointly by a father and his minor son for the term of seven years, under a deed purporting to convey the title in fee to the son, invests him with title.

Case cited: McLemore *v.* Durivage, 92 Tenn., 482.

2. SAME. *By tenants in common.*

Adverse possession of land held by one of several tenants in common. but not adversely to his co-tenants, for the term of seven years, under deeds purporting to convey the lands in fee to the several tenants in common, invests them all with title according to their respective claims.

Cases cited: Cunningham *v.* Roberson, 1 Swan, 138; Merriweather *v.* Vaulx, 5 Sneed, 311; Elliott *v.* Holder, 3 Head, 699.

3. SAME. *Successive possessions may be connected.*

And the successive possessions of different tenants in common, holding under deeds, may be connected to make out the requisite seven years.

Cases cited: Nelson *v.* Trigg, 4 Lea, 701; Ellege *v.* Cooke, 5 Lea, 623; Napier's Lessee *v.* Simpson, 1 Tenn., 448.

4. SAME. *Continuity of, not broken.*

The continuity of adverse possession, held under a deed to the possessor, is not broken by suit and recovery against his vendor after the making of the deed.

---

FROM SCOTT.

---

Appeal from Chancery Court of Scott County. HUGH G. KYLE, Ch.

Woodruff *v.* Roysden.

NORMAN B. MORRELL and LUCKY, SANFORD & FOWLER for Woodruff.

TEMPLETON & CARLOCK for Roysden.

WILKES, J. This is an action of ejectment to recover 1,000 acres of land in Scott and Fentress counties. There are two bills consolidated and heard together in the Court below, and the controversy as it comes to this Court only involves 1,000 acres, or so much of a 5,000-acre tract as is embraced in two deeds from Cyrene Carson and wife, one to Chandler and Smith, of date November 6, 1882, and the other to John Carson, dated December 27, 1887. These deeds purport to convey an undivided interest of two-thirds to Chandler and Smith and one-third to John Carson. The complainants deraign their title from the State, while the defendants claim under the deeds stated, coupled with more than seven years' adverse possession.

The Court of Chancery Appeals, after reviewing the evidence, reports that the Carsons entered upon the land and erected improvements in 1885, and went to live upon it in 1886, and the deed was made to John Carson in 1887, and from that time up to the filing of the bills in these causes, John Carson was in actual possession of the land, claiming for himself and his co-tenants, Chandler and Smith, openly, continuously, exclusively, and adversely—that is, he occupied the land with his

father, the latter being the head of the household—and that Court concludes, as a matter of law, that being a mixed possession, the true possession and holding is in the son, who had the legal title.

The bill against John Carson was filed July 13, 1896, or over eight years after he had taken and been in possession, and the Court of Chancery Appeals concludes that he is protected by his plea of seven years adverse possession under the statute of limitations. And this we think is correct, even if the son be a minor. *McLemore* v. *Durivage,* 92 Tenn., 482, and cases there cited.

The bill against Chandler (for Smith is not sued) was filed December 27, 1894. He was never in actual possession, but insists that the successive possessions of Cyrene and John Carson inured to his benefit, they being tenants in common with him, that is, Cyrene Carson from 1882 to 1887 and John Carson after that date.

The Court of Chancery Appeals reports that the Carsons, father and son, entered upon the land in 1885 and made improvements, and that they moved upon it in 1886 and continued to occupy it till these suits were brought.

Cyrene Carson claimed the land under a deed executed to him by Marion in 1867, and up to 1882, when he conveyed an undivided two-thirds interest to Chandler and Smith; he claimed it alone. After that date he claimed it as a tenant

in common with Chandler and Smith up· to 1887, when he conveyed his one-third interest then owned to John Carson, and John Carson and Chandler and Smith became tenants in common. Now · two questions arise under this state of the case. One is, Did the holding by, one tenant in common inure to the benefit of the other tenants in common, and if so, could the successive holding of two different tenants in common be joined together and ·inure to the benefit of the tenant in common not in possession.

We think that the possession of one tenant in common is the possession of all unless he claim to hold exclusively for himself; and will exclude all adversary constructive possession in another· having the legal title to the land. *Cunnyngham* v. *Roberson,* 1 Swan, 138; *Merriwether* v. *Vaulx,* 5 Sneed, 311; *Elliott* v. *Holder,* 3 Head, 699.

We are of opinion also that the successive possessions may be connected when the parties hold under color of title and not as mere naked trespassers without color of title. *Nelson* v. *Trigg,* 4 Lea, 701; *Ellege* v. *Cooke,* 5 Lea, 623; *Napier's Lessee* v. *Simpson,* 1 Tenn., 448-453.

The adverse possession in this case commenced in 1885 by Cyrene Carson, holding for himself and Chandler and Smith. It so continued· until 1887, when the adverse possession shifted with the title to John Carson, holding for himself and Chandler and Smith.

Woodruff *v.* Roysden.

We think the suit in the Federal Court in 1889 is not material. It was brought against Cyrene Carson, who did not then claim to own the land and was not in possession, and this suit could not interrupt the possession of John Carson or Chandler and Smith, the true owners. At that time Cyrene Carson was not holding for them. There does not appear to have been any actual entry under the writ of possession. The Court of Chancery Appeals reports that the facts intended to show that John Carson and Chandler and Smith aided such a suit, only appears in the statement of Cyrene Carson, and that Court refuses to credit the statement altogether, so that the facts do not appear upon which to base an estoppel if the principle could apply.

We are of opinion, therefore, that the decree of the Court of Chancery Appeals should be affirmed as to John Carson and reversed as to Chandler, and the bill should be dismissed at cost of complainants.