ELLIOTT *v.* CUMBERLAND COAL & COKE COMPANY.

(*Nashville.*   December Term, 1902.)

1. **LIMITATIONS, STATUTE OF.** Effect of adverse possession under deed describing as one tract several parcels consolidated.

The general rule is, that after several tracts of land have been consolidated and a deed executed for the consolidated tract, describing it as one tract, the former subdivisions became obliterated or unimportant, and a person in the adverse possession of some part of said land, under said deed, for the time and in the manner prescribed by the statute, will perfect his title to the extent of the boundary described. (*Post*, pp. 766-767.)

2. **ADVERSE POSSESSION:** To constitute bar, must be on land in dispute. Doctrine of interlap.

It is well settled that possession to be adverse so as to put in operation the statute of limitations, must be an actual possession of some part of the land in dispute and in cases of conflicting boundaries the land covered by the interlap of such boundaries is the land in dispute, and a possession outside of the interlap is, therefore, not on the disputed territory and is wholly ineffectual to cause the bar of the statute as to, or in any way affect, the lands within the interlap. (*Post*, pp. 767-770.)

Cases cited: Napier's Lessee *v.* Simpson, 1 Tenn., 448-453; Talbot *v.* McGavock, 1 Yerg., 262; Smith *v.* McCall's Heirs, 2 Humph., 163; Tilghman *v.* Baird, 2 Sneed, 197; Foster *v.* Grizzle, 1 Cold., 531; Smith *v.* Lea, Id., 548; Kelley *v.* Hare, 1 Humph., 163; Stewart *v.* Harris, 9 Humph., 714; Hightower *v.* Smith, 7 Yerg., 500; Waddle *v.* Stuart, 4 Sneed, 536; Creech *v.* Jones, 5 Sneed, 633; Snoddy *v.* Kreutch, 3 Head,

Elliott v. Cumberland Coal & Coke Co.

304; Peck *v.* Houston, 5 Lea, 227; Boles *v.* Smith, 1 Tenn. Cases, 149; Hunter *v.* Bills, 3 Tenn. Cases, 97; Mining Co. *v.* Heck., 15 Lea, 497.

3. **SAME. Same. Case in judgment.**

Complainant claims title to 400 acres of land under a deed describing and bounding it as one tract, although the area was originally in three separate parcels covered by three separate entries. The defendant claims title under two adjoining grants Nos. 4975 and 5061, for 5,000 acres each. Complainant claims title to the extent of the boundaries of his deed by adverse possession thereunder for more than seven years. Complainant's actual possession is within the boundary of grant No. 4975, but he has no actual possession on the land within the interlap of said deed and said grant No. 5061.

HELD:   That complainant is entitled to so much of said 400 acre tract as lies within the boundaries of grant No. 4975, but to none that lies within the boundaries of grant No. 5061, although embraced in the lines of his deed to the 400 acre tract.

FROM CUMBERLAND.

Appeal from the Chancery Court of Cumberland County. T. J. FISHER, Chancellor.

JAMES W. DORTON, for Elliott.

JOHN F. McNUTT, for Coal and Coke Company.

MR. JUSTICE WILKES delivered the opinion of the Court.

This is an ejectment suit to recover a tract of about four hundred acres of land. Complainant's title is based upon an adverse possession for more than seven years under color of title of the lands as one tract, although the area was originally in three separate tracts, covered by three separate entries, Nos. 109, 252, and 253.

No grant appears to have ever issued as to entry 109. Entry 252 is covered by grant No. 14,727, and entry No. 253 by grant No. 14,725. Defendant claims under two grants,—Nos. 4,975, and 5,061,—each for 5,000 acres. The claim of complainant is to the extent of the boundaries of the 400-acre tract, without reference to its subdivisions into the original entries and grant. He does not deraign his title from the three original entries or grants, but relies upon a deed made in 1857 by the Branch Bank of Tennessee at Sparta to F. W. Ford, and adverse possession under this deed, which he insists extends to the boundaries of that deed. The actual possessions and inclosures and improvements of the complainant are all on the two grants, 14,725 and 14,727, and all within the boundaries of defendant's grant No. 4,975. While the possessions of complainant are wholly within defendant's grant No. 4,975, yet the boundaries of his 400-acre tract held by deed executed in 1857 extend also into grant 5,061; and all of entry No. 109 and small portions of grants 14,725 and 14,727 lie within the grant No. 5,061.

Defendant's contention is, in substance, that, complainant's possessions being wholly within defendant's grant No. 4,975, and none of them within defendant's grant No. 5,061, there has been no adverse holding as to the land, within 5,061, although the boundaries of the 400-acre tract extend into 5,061. In other words, defendant's contention is that there has been no actual possession or adverse holding within the limits of grant No. 5,061.

It is therefore conceded that complainant has the right to recover all his 400 acres that are embraced in defendant's grant No. 4,975, because upon that part of the 400 acres that has been adverse possession, but it is insisted he can recover nothing from grant No. 5,061, because he has had no possession within its boundaries.

The contention is still further that, though complainant has adverse holding under color of title, and can claim to the extent of the boundaries of that title, yet, when the boundaries of that title conflict with grant No. 5,061, complainant can have no recovery, because as to that grant he has had no adverse possession. In other words, stated in another form, defendant's contention is that the interlap lying within grant 5,061 is the land in dispute, and, there being no possession on it, the complainant, as to it, makes out no adverse possession. The relative

Elliott v. Cumberland Coal & Coke Co.

situation of the several tracts is roughly outlined on the accompanying map:

The court of chancery appeals was of opinion that complainant is entitled to recover all the lands embraced within his deed from the bank in 1857.

The argument is that this deed, consolidating the three tracts into one, is complainant's assurance of title, and that he is entitled to recover to the extent of the boundaries of that deed, without reference to the subdivisions existing before that deed was executed. And in support of this principle is cited *Turnage* v. *Kenton*, 102 Tenn., 333 (52 S. W., 174); *Peck* v. *Houston*, 5 Lea, 227 (1 Am. & Eng. Enc. Law [2d Ed.], p.

866, note 3); *Coal Co.* v. *Park,* 94 Tenn., 263 (29 S. W., 130).

Conceding the correctness of the doctrine laid down in these cases that, after several tracts of land are consolidated, and a deed to the consolidated tract is executed, and a party holds under it, the previous subdivisions become obliterated or unimportant, still this principle does not meet the question in the present case. Here it is conceded that complainant, by virtue of his consolidated deed and adverse possession under it, is entitled to recover all the land embraced within that deed that is situate in grant 4,975, but it is insisted that there has been no holding adversely as against grant No. 5,061, and within the boundaries of that grant. It is well settled that possession, in order to constitute a bar, must be an actual possession of some part of the land in dispute, and possession not within the bounds of the disputed part is not sufficient to authorize the bar of the statute. *Napier's Lessee* v. *Simpson,* 1 Tenn., 448-453; *Talbot* v. *McGavock,* 1 Yerg., 262-278; *Smith* v. *McCall's Heirs,* 2 Humph., 163; *Tilghman* v. *Baird,* 2 Sneed, 197; *Foster* v. *Grizzle,* 1 Cold., 531; *Smith* v. *Lea,* Id., 548; *Kelley* v. *Hare,* 1 Humph., 163; *Stewart* v. *Harris,* 9 Humph., 714; *Hightower* v. *Smith,* 7 Yerg., 500; *Waddle* v. *Stuart,* 4 Sneed, 536; *Creech* v. *Jones,* 5 Sneed, 633; *Snoddy* v. *Kreutch,* 3 Head, 304; *Peck* v. *Houston,* 5 Lea, 227; *Boles* v. *Smith,*

1 Shannon's Cases, 149; *Hunter* v. *Bills,* 3 Shannon's Cases, 97; *Mining Co.* v. *Heck,* 15 Lea, 497.

The case of *Stewart* v. *Harris,* 9 Humph., 714, is more directly in point as to its facts than any other case cited, though no more clear and positive in the principles announced. In that case a tract of 1,000 acres of land was divided into two tracts of 500 acres each, held by different parties. It was, however, assessed for taxes as one tract of 1,000 acres, without regard to the division, and was so sold as a whole, and purchased by Harris, and he took possession under sheriff's deed, which purported to convey the whole 1,000-acre tract. The possession was altogether on the eastern half of the land—that, is, the eastern 500-acre tract—and there was no possession on the western 500-acre tract.

It was claimed by Harris that he held title to the whole 1,000 acres, inasmuch as his tax deed, which was his assurance of title, embraced the whole 1,000 acres as a single tract. The court held that, there being no possession or adverse holding on the western 500-acre tract, the title of the complainant to that portion of the 1,000-acre tract was not made out under the statute.

In other words, although the defendant's assurance of title embraced the western 500-acre tract, as well as the eastern 500-acre tract, still, having no adverse possession on the western 500-acre tract, he acquired no title to that tract under his assurance of title

as against the complainant's prior and better title.

The title of defendant to grant No. 5,061 is separate and distinct from that to grant No. 4,975.

There has been no actual adverse possession within No. 5,061, and the only possession which complainant has to any part of 5,061 is constructive; that is, by virtue of his assurance of title. But defendant has a like constructive possession to No. 5,061 under his grant. It is not shown who has the true title to No. 109. It appears that no claim adverse to complainant has been set up since the entry was made, and it is insisted that, in view of the long lapse of time, it must be treated as abandoned, and hence can not be set up by defendant to defeat complainant. We think we need not pass upon this question. Neither party deraigns his title back to the 109-acre entry, and complainant does not claim through that entry, but through his deed and adverse possession. If there has been no adverse possession within the limits of 5,061, then complainant can recover no part of it.

While the possession of complainant is adverse to No. 4,975, because within its boundaries, it is not adverse to 5,061, because not within its boundaries.

The fact that the lines of the tract extend into 5,061 does not matter, unless there be actual possession within the lines of 5,061. In order to determine the superiority of titles, it is necessary that they should be put in contest, but this is not done as between the land claimed by complainant within grant

Elliott v. Cumberland Coal & Coke Co.

5,061 and the grant itself. Under this view of the case we are of opinion complainant is entitled to all the land within the lines of his deed that lie within the boundaries of 4,975, but to none that lie within the boundaries of 5,061, although embraced in the lines of his deed to the 400-acre tract.

The decree of the court of chancery appeals is modified accordingly, and, if the parties desire, the cause will be remanded to the court below to ascertain the true location of the boundary line between Nos. 4,975 and 5,061; otherwise final decree will be entered here, and writs of possession will issue accordingly, if desired. The costs of the appeal will be paid by the complainants, and of the court below will be divided.