W. T. WEAVER et al. v. I. R. LOVE et al.

(Filed 14 December, 1907).

1. **State's Lands—Junior Grant—Color of Title—Revisal, sec. 1699.**
      Revisal, sec. 1699, providing that a junior grant shall not be color of title, so far as it covers land previously granted, applies by express terms only to grants issued since 6 March, 1893.

2. **Same—Protestant—Plaintiff—Burden of Proof.**
      The burden of proof is upon the plaintiff, to attack the defendant's grant to vacant and unappropriated State's lands for any cause not appearing upon its face.

3. **Same—Evidence—Nonresident.**
      Evidence that the defendant now lives in Tennessee is not evidence that, at the time of the issuance of his grant to the State's

vacant and unappropriated lands, he was a "nonresident," so that the court could thereunder so charge the jury.

4. **Same—Grantees, Tenants in Common—Nonresident—Resident—Possession.**

Where there are two grantees of the State's vacant and unappropriated land, they are tenants in common, and both hold possession by those in possession of the land put there by one of them, whether the tenant in common be a resident or nonresident of the State.

5. **Same—Evidence—Nonresident—Possession—Color of Title—Instructions.**

When it appears that defendant's grant, under which he claims by adverse possession, was issued 3 February, 1891, that he now lives in Tennessee and comes here and stays on the land several months at the time, and gets timber; that he has built houses thereon, kept them continuously rented for the past tên or fifteen years, and has used the land as his own for the purposes it was good for, it is proper for the court below to refuse to instruct the jury that, according to the undisputed evidence, the defendant has been a resident of the State of Tennessee ever since his grant issued, and that the seven-year statute of limitations has not run in his favor against the plaintiff claiming under a senior grant.

WALKER and CONNOR, JJ., dissenting.

CIVIL ACTION, tried before *Guion, J.,* and a jury, at June Term, 1907, of the Superior Court of YANCEY County.

Judgment for defendants. Plaintiffs appealed.

The facts sufficiently appear in the opinion.

*H. B. Carter* and *W. R. Whitson* for plaintiffs.

*Adams & Adams, E. F. Watson* and *G. E. Gardner* for defendants.

CLARK, C. J. Action to remove cloud on title and for damages for trespass in cutting timber, and asking an injunction. The defendants plead seizin and title in themselves. The plaintiffs claim under a grant issued in 1796 and a chain of title from that source. The defendants, J. W. Higgins and I. R. Love, claim under a grant to themselves, 3 February, 1891, and continuous adverse possession thereunder for seven

years, by building houses thereon and cutting timber, and also by tenants occupying the houses and cultivating land.

The court instructed the jury, at plaintiffs' request, that the cutting of timber from time to time would not constitute possession to ripen title, and that the statute would not bar minors and those under the disability of coverture. This action was begun 5 January, 1906—less than seven years after the repeal or the suspension of the statute as to married women (chapter 78, Laws of 1899). Besides, the defendants are not appealing.

The court properly refused the plaintiffs' prayer, "that, according to the undisputed evidence,  *  *  *  the defendant Love has been a resident of the State of Tennessee (ever since the grant issued to defendants), and, therefore, the statute of limitations has never run against the plaintiffs in favor of the defendant Love, and he is not the owner of any land mentioned in the answer." The burden was on the plaintiffs, to attack the grant for anything not appearing upon its face. *Dosh v. Lumber Co.*, 128 N. C., 87. The only evidence of Love's nonresidence is his own evidence that he lives now in Tennessee, and that, when he came over to cut, he has stayed on the land several months at a time and gotten timber. He testifies to having houses built and his keeping them continuously rented, and says that for the past ten, twelve or fifteen years he has used the land as his own, and for the only purpose it is good for; that he has had tenants on the land continuously for ten years, etc. There is no "undisputed evidence" that Love was a "nonresident" at the time when the grant issued in 1891, and the court could not so charge. Besides, there is no evidence whatever that Higgins is a nonresident, and the possession of one tenant in common is the possession of both. Tenants put there by Love held possession equally for Higgins. Furthermore, the evidence, if believed, is that from 1891 there has been an unbroken succession of tenants living on the land. The plaintiffs could have

WEAVER *v.* LOVE.

taken action to turn these out, whether Love was a resident or not, and his claim of adverse possession could not have ripened into title.  The grant of 1891, if covered by the grant of 1796, conveyed no title, but it was color of title, and, the title being out of the State by plaintiffs' grant (*Gilchrist v. Middleton,* 107 N. C., 679), the seven years' notorious, open and adverse possession by the defendants ripened their color of title, except as to those of plaintiffs protected by coverture or infancy.  *Asbury v. Fair,* 111 N. C., 251.

The defendants cannot be deprived of the protection of adverse possession and statute of limitation by the plaintiffs simply styling the proceeding an action to remove a cloud on title.

Revisal, sec. 1699, providing that a junior grant shall not be color of title so far as it covers land previously granted, applies, by the terms of that section, only to grants issued since 6 March, 1893.  The defendants' grant was issued 3 February, 1891.

No Error.

WALKER, J., dissenting: I am of the opinion that, upon the facts of this case, as I understand them, it being an action to remove a cloud from the title, the plaintiffs' cause of action is not defeated by the statute of limitations or by any adverse possession sufficient to bar their right of entry.

Justice CONNOR concurs in this dissent.