**SMITH v. SCHLITTLER.**

No. 12902.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 4, 1933.

Rehearing Denied Dec. 2, 1933.

T. R. Odell, of Haskell, for appellant.
Marshall & King, of Graham, for appellee.

DUNKLIN, Justice.

On May 10, 1930, H. F. Smith executed a deed of conveyance with warranty of title to Henry W. Schlittler "to all that certain tract or parcel of land in Young County, Texas, to wit: An undivided 30 acres interest, being all of H. F. Smith's interest in and to the east one half of T. E. & L. Co. Survey No. 453, abst. No. 660."

Immediately following that recital in the deed was the following reservation: "Grantor H. F. Smith hereby reserves unto himself, his heirs and assigns for a period of ten years and as much longer thereafter as oil and gas or other minerals are being produced on an undivided one-half interest in and to the royalty rights on all of oil and gas and other minerals in, on and under or that may be produced from the land herein conveyed and described above. In the event oil or gas or other minerals are not being produced in paying quantities from said land at the expiration of said ten year period then, this reservation shall become null and void and of no further force and effect."

During the year 1932 a controversy arose between the grantor and the grantee in the deed as to the legal effect of the reservation by the grantor shown above. The contention of Smith, the grantor, was, in substance, that by the terms of that stipulation he reserved title to an undivided one-half interest in the oil and other minerals in place in the land, and by reason thereof he had the right to receive an interest in the same proportion in all bonuses and rentals that might accrue from any subsequent leases or renewals thereof of the land for the development of any minerals therein, especially oil and gas; and that his consent to the development of the land for such purposes would be necessary. The contention of Schlittler, the grantee, was that the reservation in the deed was not of any title in the minerals in place, but it amounted to no more than a reservation of right to an undivided royalty in any oil or gas that might be produced from said land under lease to others for development purposes, and that he (Schlittler) had the right to execute such a lease as he, in his discretion, might deem advisable and without being joined therein by Smith, the grantor.

In order to settle that controversy this suit was instituted by Schlittler against Smith in the form of trespass to try title.

The trial of the case was before the court without a jury, and the following excerpt from the judgment shows the findings and conclusions of the trial judge:

"That the reservation in said deed is a royalty reservation only and does not entitle the defendant, H. F. Smith, his heirs or assigns to participate or reserve any bonus-

es, rentals or renewals on oil and gas leases, and receive only his proportionate part of the oil and gas when produced for the time as specified in said reservation, and that the royalty reserved in said deed by H. F. Smith, his heirs or assigns entitled him to receive his proportionate part of not less than one-eighth royalty usually reserved by lessors in oil and gas leases, and that the plaintiff, his heirs or assigns are entitled to make, execute and deliver oil and gas leases without the joinder of H. F. Smith, or his heirs or assigns, provided as a royalty of at least one-eighth of the oil and gas produced and saved is reserved in said lease.

"It is therefore, ordered, adjudged and decreed by the court, that the defendant, H. F. Smith, his heirs and assigns are not entitled to have and receive any of the bonuses, rentals or renewals that may be paid for an oil and gas lease on the above described land, but that the plaintiff H. W. Schlittler, Jr., his heirs and assigns shall have and receive said bonuses, rentals, and renewals, and that the rights of plaintiff and defendant be adjudged as found by the court in his findings of fact hereinabove and that defendant pay all costs of suit, for all of which let execution issue."

From that judgment the defendant Smith has prosecuted this appeal.

There was no pleading by either party of fraud, accident, or mistake in the drafting of the deed, or as, to any understanding of the parties relative to the legal effect of the reservation, other than as shown in the deed. And nothing appears in the statement of facts except the deed and the evidence showing the controversy which arose between the parties as to the legal effect of the reservation.

The only question presented here for our determination is: What is the legal effect of the reservation in the deed on the point in controversy between the parties, tested by the rules of construction, without the aid of any other evidence of the intention and understanding of the parties?

 The primary rule of construction of a deed is to arrive at the intention of the parties to the instrument when construed as a whole, which will be given effect if the same is not too indefinite and if that can be done consistently with the principles and rules applicable. And all provisions will be given effect in the absence of irreconcilable conflicts between them. 11. Tex. Jur. pp. 962, 963; 8 R. C. L. p. 1037, § 93; 8 R. C. L. p. 1047, § 101.

 We quote the following from 8 R. C. L. at page 1051, § 104: "A deed is construed most strongly against the grantor and in favor of the grantee. This rule has been called ed one of the most just and sound principles of the law, because of the fact that the gran-

tor selects his own language, and it is statutory in some jurisdictions, as where the statute provides that grants shall be construed like contracts, and contracts shall be construed against the person responsible for any uncertainty. If, therefore, the deed can inure in different ways, the grantee, it is said, may take it in such way as will be most to his advantage. But it has been held that the rule of favor is the last one which courts apply, and ought never to be resorted to so long as a satisfactory result can be reached by other rules of analysis and construction, though if there remains ambiguity after the other rules have been applied, it must certainly be applied before reaching a decision in favor of the grantor." See, also, 14 Tex. Jur. p. 962, § 179, and p. 963, § 180; 8 R. C. L. p. 1094, § 151. But that rule of construction will not destroy an express reservation. 18 C. J. p. 344, § 346, and p. 345, § 347.

In Stephens County v. Mid-Kansas Oil & Gas Co., 113 Tex. 160, 254 S. W. 290, 292, 29 A. L. R. 566, the Supreme Court, after an extended review of authorities, held that an oil lease there involved which was in the usual form of oil and gas leases conveying to the lessee the exclusive right to develop land for oil and gas production and providing for delivery to the grantor, as a royalty, one-eighth of the oil produced and 10 per cent. of the market price at the wells of gas sold there, was a conveyance of title to the oil and gas in place, determinable upon certain contingencies. But in the opinion rendered in that case, the following was said: "The question whether gas and oil in place were capable of separate ownership and sale was carefully considered and finally determined by this court in Texas Co. v. Daugherty, 107 Tex. 234 to [page] 240, 176 S. W. 717, L. R. A. 1917F, 989. The opinion in that case leaves no room for reasonable doubt as to the soundness of the conclusion that gas and oil in place are objects of distinct ownership and sale as a part of the land."

The instrument now under consideration is not an oil and gas lease such as that construed in the case last cited. We have cited that decision to show that the minerals in the land could be lawfully reserved to the grantor Smith from the conveyance he executed to Schlittler.

The term "royalty" has not been defined by any statute, but it is frequently employed by the courts to designate the interest reserved to a lessor when land is leased for the production of oil, gas, and other minerals therefrom, the interest so reserved being especially described in other provisions of the lease, and varying in different leases; and many authorities construe the same to be in the nature of rentals, such as Hill v. Roberts (Tex. Civ. App.) 284 S. W. 246; Curlee v. Anderson & Patterson (Tex. Civ. App.)

235 S. W. 622; Wagner Supply Co. v. Bateman, 118 Tex. 498, 18 S.W.(2d) 1052; Stephens v. Mid-Kansas Oil & Gas Co., supra.

The reservation now under discussion was an "undivided one-half interest in and to the royalty rights on all of the oil and gas and other minerals in, on and under or that may be produced from the land herein conveyed and described above."

We have reached the conclusion that that reservation covered an undivided one-half interest in the title to the oil and gas and other minerals in place, since they were described as being "in, on and under the land." That language would have to be ignored in order to sustain the contention of the grantee Schlittler; and its legal effect could not be destroyed by the subsequent provision, "or that may be produced from the land herein conveyed," the manifest purpose of which was to make more sure the reservation of title already stipulated. Nor could the designation of the title so reserved as a "royalty right" be given effect to restrict or destroy it. Indeed, a deed to or a reservation of a "royalty right" in land, with no other description of that interest, clearly would be a nullity for lack of sufficient description.

Accordingly, the judgment of the trial court is reversed, and judgment is here rendered vesting title in appellant Smith to the undivided one-half interest in all of the oil and gas and other minerals in the land conveyed by the deed as stipulated in the reservation in the deed copied above, with all the rights and privileges incidental to such ownership; including the right to the same proportionate interest in any rents or bonuses derived from any and all leases of the land in its entirety in which it would be necessary for him to join in order to bind the interest so reserved by him in his deed to Schlittler.

Reversed and rendered.