MARIAS RIVER SYNDICATE ET AL., APPELLANTS, v. BIG WEST OIL CO. ET AL., RESPONDENTS.

(No. 7,288.)

(Submitted November 15, 1934. Decided December 11, 1934.)

[38 Pac. (2d) 599.]

256

*Mr. E. K. Cheadle, Jr.,* and *Messrs. Boyesen, Otis & Faricy,* of the Bar of St. Paul, Minnesota, for Appellant, submitted a brief; *Mr. Cheadle* and *Mr. R. J. Faricy* argued the cause orally.

*Messrs. Freeman, Thelen & Freeman,* for Respondents, submitted a brief; *Mr. J. W. Freeman* argued the cause orally.

260

MR. JUSTICE ANDERSON delivered the opinion of the court.

On March 27, 1923, John N. Thelen and wife were the owners of certain real estate in Toole county. On that day they conveyed these lands to James D. Hawkins by warranty deed, with certain exceptions, which was recorded on July 6, 1923. On July 8, 1925, Hawkins and his wife conveyed the lands to C. E. Armstead, trustee, together with 80 per cent. of the oil and gas and other mineral therein and thereunder. Eventually, by mesne conveyance, the plaintiff acquired title to the lands, together with 70 per cent. of the oil and gas rights. The deed from Thelen to Hawkins contained the following provision: "Reserving unto the said parties of the first part a 12½ per cent. interest and royalty in and to all

oil and gas and other minerals of whatsoever nature, found in or located upon or under said land or premises above described, or that may be produced therefrom.''

Thereafter the interest in the oil and gas reserved in this deed was conveyed in various amounts to the respondents herein. The residue of the oil and gas interests, other than the 70 per cent. conveyed to and owned by the plaintiff, was assigned and conveyed to various other parties, who were originally defendants in this action but who do not appear as respondents, for the reason that the action had been settled as to them.

Prior to October 25, 1928, the plaintiff took possession of these lands and drilled oil-wells thereon, and produced oil in considerable amounts. The oil produced prior to the commencement of this action was sold to the Big West Oil Company, and the proceeds thereof were paid to the various parties owning interests in oil and gas as their interests appeared prior to that date. As near as can be determined from the record, this course of conduct continued for approximately a year. After that date, at the request of the plaintiff, the Big West Oil Company impounded the proceeds of 30 per cent. of the oil produced from these premises, representing the shares of the original defendants and other owners of these interests, and the money so impounded was deposited with the clerk of the court soon after the commencement of this action. Additional sums representing the proceeds of these interests, other than that of the plaintiff, were deposited with the court from time to time. The interests of all the defendants who are respondents on this appeal were acquired by mesne assignments or conveyances of the interests reserved by J. N. Thelen and wife in the deed containing the quoted provision.

Plaintiffs brought this action against the Big West Oil Company to recover the sum of money withheld. The company secured an order of interpleader or substitution, whereby it was directed to deposit the funds then impounded with the clerk of the court and all other sums which might come into its possession from the sale of 30 per cent. of the oil produced

from the premises described, from and after the date of its first deposit until the further order of the court, and that all persons who owned any interest in the 30 per cent. of the oil and gas rights not conveyed to the plaintiff be substituted as parties defendant. The defendants who are respondents here filed their answer, consisting chiefly of a counterclaim or cross-complaint.

The case was tried before the court sitting without a jury, in April, 1932. Briefs were submitted by the parties, and in June of that year the court indicated to counsel that it had arrived at a decision in favor of the respondents, and requested their counsel to prepare findings of fact, conclusions of law, and judgment. It does not appear that the court caused to be made any minute entry, or filed any document or paper with the clerk indicating this conclusion. No judgment, however, was entered within six months subsequent to June, 1932, and on September 19, 1933, plaintiff filed a motion to dismiss the counterclaim or cross-complaint, for failure of defendants to have a judgment entered within six months. This motion, on hearing, was denied, and thereafter findings of fact, conclusions of law, and judgment were made and entered in favor of the defendants. The appeal is from the judgment.

It was the theory of plaintiffs below, and it is contended here, that under the exception or reservation in the deed from Thelen and wife to Hawkins, 12½ per cent. of the oil and gas under the lands was excepted, and that at the time of the conveyance the effect of this exception was to create a tenancy in common with the other owners of the oil and gas in and under these lands, and that therefore the plaintiffs, as tenants in common, had a right to go upon the premises and produce oil therefrom, and that plaintiffs were entitled to deduct from the interests of the defendants in the oil produced their proportionate part of the expenses reasonably incurred in the discovery and production of oil.

The defendants contended in the court below, and now assert, that the plaintiffs must account to them for their portion of the oil produced, free and clear of any charge or expense

for discovering and producing the oil from the premises. They base their contentions upon the grounds (a) that by the terms of the deed their interests were excepted, and (b) upon the practical construction adopted by the parties in accordance with their contentions.

On the trial of the case the parties introduced numerous conveyances establishing their respective interests. Plaintiffs produced evidence as to the amount of money expended in discovering and producing the oil, and as to the reasonableness of the charges made. Defendants offered evidence tending in some measure to controvert the reasonableness of the charges made for pumping the oil.

The trial court found in accordance with the contentions of the defendants and entered judgment of dismissal of plaintiffs' complaint, with costs, and ordered the payment of the impounded funds to the defendants, in accordance with their respective interests as found by the court.

Plaintiffs assign error by the trial court in making various findings wherein it was determined that the defendants were owners of certain interests in the oil and gas found on these lands, as royalty, and in making and entering judgment in their favor and against the plaintiffs.

It will be noted that there was no oil and gas lease executed on these premises. Thelen and wife admittedly conveyed all their interest in and to the lands and premises, except the 12½ per cent. interest in the oil and gas, and all the predecessors in interest of plaintiffs likewise so conveyed all their interest in these lands and premises, aside from the interest in the oil and gas expressly excepted.

The provision of the deed under consideration is referred to as a reservation, and the word "reserving" was used. The early writers of the English law distinguished between an "exception" and a "reservation," an exception being in effect a withdrawal from the operation of the grant of a particular portion of the land granted (*Powell* v. *Big Horn Low Line Ditch Co.*, 81 Mont. 430, 263 Pac. 692), and a reservation merely providing for the return of a rent or service regarded

as issuing out of the land granted (Summers on Oil and Gas, 137; Mills & Willingham on Oil and Gas, 25). Under these ancient doctrines it was said that the proper place for an exception was in the granting clause, and for a reservation in the *reddendum* clause.

The modern conception of conveyancing, however, seeks to ascertain the intent of the grantor from a consideration of the entire instrument, without regard to the position of the several clauses, and, in order to give effect to such intent when ascertained, an exception will be construed as a reservation, and vice versa. (Mills & Willingham on Oil and Gas, 25; see, generally, *Krutzfeld* v. *Stevenson*, 86 Mont. 463, 284 Pac. 553.) Accordingly, the provision under consideration was an exception from the grant made by Thelen and wife to Hawkins.

The deed containing this exception contains no express obligation on the part of any of the parties to discover or produce oil and gas, or either of them. Defendants argue that because of the use of the word "royalty" in the provision, and the additional words "in and to all oil and gas * * * found in or located upon or under said land, * * * or that may be produced therefrom," their contention as to the interpretation of this conveyance is sustained.

The word "royalty" has a definite and well-understood meaning in oil operations. It means a share of the product or profit paid to the owner of the property. (*Homestake Exploration Corp.* v. *Schoregge*, 81 Mont. 604, 264 Pac. 388; *Hinerman* v. *Baldwin*, 67 Mont. 417, 215 Pac. 1103.) The right to take a profit from the lands of another within the common-law classification may be regarded as a profit *à prendre*. (*Homestake Exploration Corp.* v. *Schoregge*, supra.) This right, if it belong to the individual distinct from the ownership in other lands, takes the character of an interest or an estate in the land itself. It is an interest in the land, although incorporeal. (*Williard* v. *Federal Surety Co.*, 91 Mont. 465, 8 Pac. (2d) 633.) Such an interest in land may be conveyed (*Krutzfeld* v. *Stevenson*, supra), and may likewise be excepted or reserved from conveyance.

It is argued that the term "royalty" has a well-defined meaning indicative of a portion of the oil produced from land, free and clear of the cost of its discovery and production. In cases where oil and gas leases are involved, it is quite universal to refer to the lessor's portion of the oil, or the proceeds thereof, as "royalty," and in these instances it is likewise universally provided in leases that the lessor shall receive his portion or per centum of the oil produced, free and clear of all costs of discovery and production. The lessor's portion of the oil or royalty in the case of an oil and gas lease is free and clear of the cost of discovery and production, by reason of the express provisions of such oil and gas leases.

But we have, as already noted, no such express provision here, nor any express obligation on the part of any person to discover and produce oil or gas. This reservation or exception in effect legally and successfully severed the $12\frac{1}{2}$ per cent. interest in the oil and gas and other mineral in and under the land from the residue of the oil, gas, and mineral and surface rights conveyed to the grantee in the deed in question. Separate interests in the oil and gas were thereby created, and the owners of these respective interests became the owners of the oil and gas as tenants in common. (*Prairie Oil & Gas Co.* v. *Allen,* (C. C. A.) 2 Fed. (2d) 566, 42 A. L. R. 1389; *Smith* v. *Schlittler,* (Tex. Civ. App.) 66 S. W. (2d) 353; sec. 6683, Rev. Codes 1921.) The general rule is that a cotenant in exclusive possession of mining or oil property who extracts and sells the mineral or oil may charge against its proceeds the reasonable and necessary expense of its extraction and marketing. (*Prairie Oil & Gas Co.* v. *Allen,* supra; *New Domain Oil & Gas Co.* v. *McKinney,* 188 Ky. 183, 221 S. W. 245.)

The foregoing disposes of the principal contention in this case, unless defendants are correct in their assertion that by a practical construction adopted by the parties, a different meaning is to be attributed to the provision in question. It has frequently been said by this court that when the meaning of a contract is difficult of ascertainment, the practical con-

struction placed upon it by the conduct of the parties them-selves usually furnishes a safe guide for its interpretation. (*Knapp* v. *Andrus*, 56 Mont. 37, 180 Pac. 908; *Berne* v. *Stevens*, 67 Mont. 254, 215 Pac. 803; *Dolin* v. *Wachter*, 87 Mont. 466, 288 Pac. 616.)

The parties to this case stipulated on the trial that prior to October 25, 1928, the defendants "received respectively from the plaintiff Marias River Syndicate, or from the pipe line company to which the oil from the premises involved in this action was delivered," their respective shares of the oil as the percentage which they owned, bore to the total amount of the oil and gas produced. Aside from this stipulation, there is no other evidence as to any recognition by the plaintiffs of the right of the defendants to receive their full share of the oil produced without cost or expense, except it was testified that a small sum—less than $100—was paid by plaintiffs to royalty owners in the fall of 1927. As to whether it was paid to these defendants or other owners, the record is silent. If the proceeds of the oil were paid to these defendants by the pipe-line company, which was not a party defendant, it can-not be said that such conduct on its part was the practical construction of any party to this suit as to any of the con-tracts of any of the parties to it or their predecessors in interest.

Long prior to the commencement of the operations for the discovery and production of oil on this tract, John N. Thelen and wife conveyed a portion of their reserved interest to a party to this action, and all the defendants here involved, with the exception of two, are successors in interest to the grantee in that conveyance, wherein it was provided, after describing the per centum of interest conveyed, as follows: "Together with the right of ingress and egress at all times for the purpose of mining, drilling, and exploring said lands for oil, gas, and other minerals and removing the same therefrom." Likewise, Thelen and wife had conveyed lesser portions of the reserved interest to other parties, in which conveyances it was provided that the grantee was to receive the oil and gas so

produced and saved from the lands, free of cost to the royalty owners, but no such provision appears in the conveyance discussed, supra. The grantee in the original deed of Thelen likewise made similar conveyances containing provisions identical with those in the conveyances executed by Thelen and wife. If Thelen and his successors were to receive the 12½ per centum of the oil without deduction for the cost of discovery and production, apparently there would be no reason to grant to a successor the right to go upon the premises to drill and produce oil.

The conduct of the parties which is relied upon as showing the practical construction which they have placed upon the contract must of itself be harmonious, uniform, and free from ambiguity. (Page on Contracts, 2d ed., 3515; *Ingraham* v. *Mariner*, 194 Ill. 269, 62 N. E. 609; *State ex rel. Otero De Burg* v. *Water Supply Co.*, 19 N. M. 36, 140 Pac. 1059, L. R. A. 1915A, 246, Ann. Cas. 1916E, 1290; *Ellis* v. *Stone*, 21 N. M. 730, 158 Pac. 480, L. R. A. 1916F, 1228.)

As we have already demonstrated, the conduct of the parties here was not harmonious, uniform, and free from ambiguity, and hence there was no practical construction of the contract adopted by them, within the rule of law announced by this court.

Lastly plaintiffs assign as error the denial of its motion to dismiss defendants' counterclaim. This contention is based upon section 9317, Revised Codes 1921, the pertinent portion of which is as follows: "An action may be dismissed * * * when, after verdict or final submission, the party entitled to judgment neglects to demand and have the same entered for more than six months." A case is finally submitted within the meaning of this section when a judgment may rightly be demanded as of course. (*State ex rel. Stiefel* v. *District Court*, 37 Mont. 298, 96 Pac. 337.)

At no time prior to the hearing of this motion had any findings of fact and conclusions of law been filed. They, when filed, are the foundation for the judgment. (*State ex rel. Reser* v. *District Court*, 53 Mont. 235, 163 Pac. 149.) Where

findings have been prepared and filed and are incomplete, defective, or unresponsive to the issues, it is still open to counsel to move their amendment or correction in either or all respects, and until the findings have been filed, and amended or corrected, the case is still in the process of judicial determination and not ripe for the entry of judgment, and until that status is attained, where all that remains to be done is the entry of judgment in conformity to findings of fact and conclusions of law made and filed, a party is not entitled to demand a judgment as a matter of right. (*Security Trust & Sav. Bank* v. *Reser*, 58 Mont. 501, 193 Pac. 532.) At no time prior to the denial of the motion was this case in such a condition where the defendants could demand a judgment in their favor, as a matter of right; accordingly, the motion was properly denied.

Under the order of the court directing the substitution of parties defendant, the Big West Oil Company was directed to continue to pay moneys accruing under the interest here in question into court until further order of the court. It appears from the record that a considerable period of time elapsed between the trial of the case and the entry of judgment, and, in order to dispose of the accumulated funds, it will be necessary that further testimony be received in order to determine what the reasonable cost of producing the oil was during such period. Furthermore, the trial court did not determine or pass upon the question of the reasonableness of the amount testified to on the trial as having been expended in the discovery and production of oil.

The cause is remanded to the district court of Toole county with directions to the court to correct its findings of fact in accordance with the views herein expressed; to take further testimony as to the amount of money reasonably expended in the drilling of the producing wells and obtaining the oil from the lands and premises in question, and determine the amount so reasonably expended; to award the plaintiffs the proportionate part of such expense as they are entitled to reimbursement from defendants from the proceeds on deposit with the clerk of the court, and to direct that such sum so found be

paid by the clerk to plaintiffs, and that the excess, if any, be paid to defendants. The appellants shall recover their costs on this appeal.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES ANGSTMAN, MATTHEWS and STEWART concur.