Mary Frances SMITH, Plaintiff and
Appellant,

v.

Minnie NYREEN and Carl W. Nyreen,
Defendants and Respondents.

No. 7604.

Supreme Court of North Dakota.

March 5, 1957.

Burk & O'Connell, Williston, Meehl & Catlin, Marshall, Minn., for plaintiff-appellant.

Earl Walter and B. L. Wilson, Sr., Bowbells, for defendants-respondents.

GRIMSON, Chief Justice.

This is an action brought to vacate a final decree of distribution in the estate of Charles Nyreen issued by the County Court of Burke County, North Dakota, dated January 6, 1939. Said decree vested title to a one-third undivided interest in the N½ of Section 18, Township 163, North, Range 92 West of the 5th P. M. in Minnie Nyreen as the widow of Charles Nyreen and a one-ninth undivided interest each in Morris Nyreen, Carl W. Nyreen, Anna Green, Ellen Austad, Herman H. Nyreen, and Harry C. Nyreen, his children.

Plaintiff claims that she is the daughter and sole heir of Esther Nyreen, the second wife of Charles Nyreen and that as such she is entitled to the one-third in his estate that was awarded to Minnie Nyreen, who was the first wife of Charles Nyreen.

It appears that at the final hearing on the petition for distribution of the Nyreen Estate in County Court, the question was raised by Anna Green, the daughter of Charles and Minnie Nyreen, whether Charles and Minnie had ever been divorced. On a search of the clerk of court's records of Burke County a divorce file was found which showed that a divorce action between Charles and Minnie had been commenced but never completed. The hearing was adjourned to give plaintiff time to investigate and present any contrary evidence. She did not do that. The county court decreed the widow's interest to Minnie. Plaintiff did not appeal from the decree nor do anything at all about it until September or October 1950, about eleven years later, when she had the records of the clerk searched and found a later action granting Charles a divorce from Minnie. Then she started this action December 22, 1952 claiming fraud in the issuance of the final decree.

The defendants deny the fraud and other charges of the plaintiff's complaint and plead laches by the plaintiff and other defenses. They claim ownership of the land by virtue of the final decree and set up a further title in themselves by adverse possession and payment of taxes for more than ten years as provided by Chapter 276, S.L.1951, Sec. 47–0603, NDRC 1943. They ask that title be quieted in them.

■ The evidence shows that upon the issuance of the final decree, the heirs named therein went into possession of the real estate as tenants in common. Stevahn v. Meidinger, 79 N.D. 323, 57 N.W.2d 1; Ellison v. Strandback, N.D., 62 N.W.2d 95. That decree professed to pass title. It was, therefore, color of title even if the proceedings on which it was based should be found invalid. 1 Am.Jur. Adverse Possession, Sec. 190, p. 898, and Sec. 196, p. 901.

■ The defendants first rented the land to one Stompero as their tenant. In April 1941 Carl W. Nyreen, one of the co-owners under the decree and one of the defendants, moved onto said premises as

tenant. He lived on said premises and farmed them up to the time of the trial of this action. Possession of one cotenant is the possession of all. Ildvedsen v. First State Bank, 24 N.D. 227, 139 N.W. 105, 14 Am.Jur., Cotenancy, Sec. 23, p. 94 and cases cited. Carl had possession of the land including the minerals from April 1941 until 1946 as tenant in common of all the owners. Where there has been no severance of the minerals from the surface the title of the owners of real property includes not the surface thereof alone but also that which lies beneath the surface. 1 Am.Jur., Adverse Possession, Sec. 117, p. 857; Jones v. Brown, 211 Ark. 164, 199 S.W.2d 973.

In 1946 Carl purchased the premises on contract from the other co-owners. However, all of his co-owners reserved their undivided interest in the minerals in said land which amounted to 8⁄9ths of the undivided minerals.

 Carl W. Nyreen held the surface of the land in possession in common with the vendors under his contract.

"The possession of real estate by a vendee under an executory contract of purchase is, in law, the possession of his vendor." Schneller v. Plankinton, 12 N.D. 561, 98 N.W. 77. See also Burke v. Scharf, 19 N.D. 227, 124 N.W. 79.

He also had possession of the minerals in common with his cotenants because he owned an undivided ⅑th interest therein under his contract. While we held in Bilby v. Wire, N.D., 77 N.W.2d 882, that possession of the surface of land is not possession of severed minerals, that case has no application here for the reason that under the facts of that case there was a complete severance of the mineral estate. In this case the severance was not complete. After Carl Nyreen purchased the property upon contract for deed, the estate possessed by him included both the surface and his interest in the minerals as a co-

tenant. His mineral interest was undivided and thus pervaded the entire mineral estate. This being so, his possession of the ⅑th mineral interest under his contract included the entire mineral estate. He was a tenant in common with the rest of the cotenants of the minerals as well as the surface of the land. 58 C.J.S., Mines and Minerals, § 156, p. 328; Marias River Syndicate v. Big West Oil Co., 98 Mont. 254, 38 P.2d 599; Prairie Oil & Gas Co. v. Allen, 8 Cir., 2 F.2d 566, 40 A.L.R. 1389; Smith v. Schlittler, Tex.Civ.App., 66 S.W.2d 353. Possession of one cotenant of the minerals is possession of all. Earp v. Mid-Continent Petroleum Corp., 167 Okl. 86, 27 P.2d 855, 91 A.L.R. 188.

While the possession of Carl Nyreen of the land and minerals was first as tenant and later as vendee it was still a continuous possession under the same individuals as cotenants and vendors. Carl merely held possession in different capacities. There was no tacking involved.

Carl Nyreen was in possession of the surface of the land and minerals as cotenant or vendee from April 1940 to 1952 when this action was brought. It was actual, continuous, open, adverse and undisputed. The plaintiff did not attempt to dispute it until this action was brought. The decree was recorded in the office of the register of deeds of Burke County, Feb. 7, 1939, in Book 13 of Miscellaneous Instruments at page 483. The contract showing his one-ninth undivided interest in the minerals was also of record. During all that time Carl paid all the taxes that were assessed against the entire premises. His possession of both the surface and the minerals involved was the possession of all the tenants in common.

Section 47–0603 NDRC 1943, provides:

"A title to real property, vested in any person who shall have been in the actual open adverse and undisputed possession of the land under such title for a period of ten years and who shall

have paid all taxes and assessments legally levied thereon, shall be valid in law."

This statute was amended by Chapter 276, S.L.1951 but the amendment is not material here. Under this law the defendants claim a new title to the premises involved.

Possession of land under a disputed grant which is color of title, will ripen into complete title by adverse possession. Tarnovsky v. Security State Bank of Killdeer, N.D., 77 N.W.2d 828; Weaver v. Love, 146 N.C. 414, 59 S.E. 1041. See also Burns v. Curran, 282 Ill. 476, 118 N.E. 750; Moragne v. Doe, 143 Ala. 459, 39 So. 161.

■ It is generally held that any title obtained by one cotenant inures to the benefit of all.

"Where color of title is held by cotenants, the possession of one inures to the benefit of all so as to ripen title in each according to his respective interests." 2 C.J.S., Adverse Posses-

sion, § 40, p. 554. See also, Newman v. Bank of California, 80 Cal. 368, 22 P. 261, 5 L.R.A. 467; Cook v. Spivey, Tex.Civ.App., 174 S.W.2d 634; Woodruff v. Roysden, 105 Tenn. 491, 58 S. W. 1066.

■ Clearly the possession of Carl W. Nyreen of the surface and of the minerals was the possession of all the tenants in common. It was adverse possession under Chapter 276, S.L.1951, Sec. 47–0603, NDRC 1943, by which Carl and the other tenants in common have acquired a valid title in law. 2 C.J.S., Adverse Possession, § 200, p. 804.

The District Court correctly quieted title in the defendants according to their interests under the final decree of distribution.

The judgment of the District Court is affirmed.

BURKE, JOHNSON, SATHRE and MORRIS, JJ., concur.