**BIG RUN COAL AND CLAY COMPANY,**
**Appellant,**

**v.**

**Leslie L. HELTON et al., Appellees.**

Court of Appeals of Kentucky.

May 1, 1959.

Frank C. Malin and H. V. Forsyth, Ashland, for appellant.

P. H. Vincent, Ashland, for appellees.

CULLEN, Commissioner.

In an action to quiet title, brought by the Big Run Coal and Clay Company against Leslie L. Helton and wife, judgment was entered adjudging the Heltons to be the owners, through adverse possession, of a certain parcel of land containing approximately two and one-half acres. Big Run has appealed.

Prior to 1897, Big Run's predecessor in title owned a large tract of land, of around 1,600 acres, and Vint Calvin owned an adjoining tract of some 500 acres. Under the descriptions in the respective deeds, the parcel now in dispute lay within the boundaries of the 1600-acre tract, adjacent to the Calvin land. Vint Calvin died in 1897, leaving several children, one of whom was George Calvin. George and his children occupied the land from the time of Vint's death until 1938, when the Vint Calvin heirs deeded the Calvin land to trustees, in order to work out some financial problems. In 1942 the trustees deeded about 60 acres of the land to the Heltons, and the description in this deed included the parcel here in controversy. The action to quiet title was brought in 1953, so in order to establish 15 years' adverse possession the Heltons were required to tack the possession of their predecessors in title.

The evidence for the Heltons was that for at least 40 years the parcel in dispute had been fenced as part of the Calvin tract, and had been occupied and cultivated by the occupants of the Calvin tract.

The appellant points to the fact that the above evidence as to adverse possession relates to a period commencing after Vint Calvin's death, and during which the Calvin tract was owned by his children as tenants in common, and the appellant maintains that any adverse possession during this period could be only personal to the occupant George Calvin and could not operate to enlarge the Calvin estate.

We think this contention, which is not supported by any citation of authority, is unsound. The possession of one cotenant is presumptively the possession of all and inures to the benefit of all. Turner v. Simpson, 313 Ky. 780, 233 S.W.2d 528; Fordson Coal Co. v. Vanover, 291 Ky. 447, 164 S.W.2d 966; Flanery v. Greene, 289 Ky. 244, 158 S.W.2d 413; Howard v. Carmichael, 237 Ky. 462, 35 S.W.2d 852. When one cotenant acquires an outstanding adversary title, the acquisition inures to the benefit of his cotenants. Thruston v. Masterson, 39 Ky. 228; 14 Am.Jur., Cotenancy, sec. 51, p. 120. So it would seem to follow that if one cotenant in possession of a jointly owned tract of land occupies and claims as part of that tract an adjoining parcel, his adverse possession of the parcel must be deemed to be that of all of the cotenants. At least one court has specifically so held. See Woodruff v. Roysden, 105 Tenn. 491, 58 S.W. 1066.

It is our opinion that the adverse possession by George Calvin of the parcel here in question, incident to his occupancy of the Calvin tract, was effective to vest title to the parcel in the Vint Calvin heirs.

The appellant maintains, however, that in the 1938 deed from the Vint Calvin heirs to the trustees, the heirs purported and intended to convey only the land they had inherited from Vint Calvin, and even if they had acquired title to the disputed

parcel by adverse possession, they did not convey it to the trustees. We think this is a too narrow construction of the conveyance. The Calvin heirs clearly intended to convey the Calvin tract of land, whatever its boundaries might happen to be, and they assumed that the tract consisted of such land as had been fenced and occupied as being the Calvin tract.

Under somewhat similar circumstances, this Court held that a conveyance of a tract of land embraced a small adjoining parcel to which the grantors had acquired title by adverse possession, even though the description in the deed did not cover the parcel. Tartar v. Tucker, Ky., 280 S.W.2d 150. A comparable situation was presented in Norton v. Gross, 52 Wash. 341, 100 P. 734, wherein the court held that a deed of city lots, by reference to the lot numbers, was effective to convey an adjoining parcel of land which had formerly been an alley and which by reason of a vacation of the alley had become a part of the lots. See also Annotation, 48 A.L.R. 792, 795, for cases constituting authority for the proposition that the Heltons could *tack* the adverse possession by the Calvin heirs even though the deed from the heirs did not expressly convey the adversely possessed parcel.

The appellant makes a further contention, that the deeds to the trustees and to the Heltons were champertous, because at the time of the deeds the parcel in dispute was in the adverse possession of the appellant. KRS 372.070. The simple answer to this is that the land was not in appellant's possession, but was in the possession of the Calvin heirs. Appellant's constructive possession, by virtue of its occupancy of other portions of its 1600-acre tract under color of title, could not prevail against the actual possession by the Calvin heirs. Krauth v. Hahn, 65 S.W. 18, 23 Ky. Law Rep. 1261.

The judgment is affirmed.